61087. HICKS v. AMERICAN INTERSTATE INSURANCE COMPANY OF GEORGIA.

CARLEY, Judge.

Appellant purchased a 1975 Corvette automobile and shortly thereafter sought and obtained insurance coverage with appellee. Appellant was asked to complete an application for coverage containing a large rectangular block headed by the instruction: "List all members of household over the age of 12 and anyone else driving insured's vehicles." The block was divided into a series of smaller vertical columns, with that at the extreme left being provided for "Driver['s] Name" and each succeeding column to the right calling for relevant information concerning the "driver" who had been thus named. In filling out this application appellant listed only herself as a "driver" and, consequently, filled out the columns to the right of her name with information relevant only to herself. This was done in

spite of the fact that appellant had a 19-year-old son enrolled in college who frequently visited her and who drove her 1974 Oldsmobile automobile, which was insured by another company.

During a visit home, appellant's son borrowed the Corvette. While being operated by appellant's son, the vehicle collided with a train and was extensively damaged. Appellant filed a claim with appellee for repair or replacement costs of the automobile. Appellee denied the claim, contending that appellant's failure to list her son on the application as a member of her household or as the driver of her Oldsmobile constituted a material misrepresentation, the effect of which nullified the obligation to pay the claim.

Appellant filed suit against appellee for actual and punitive damages and attorney fees. Appellee answered and alleged that appellant "willfully and intentionally misrepresented" she was the sole operator of the Corvette. The case proceeded to trial and the jury returned a verdict for appellant. Appellee moved for judgment n.o.v. and, in the alternative, for a new trial. The trial court granted both motions, and appellant appeals.

1. In her first enumeration of error, appellant urges the trial court erred in granting appellee's motion for judgment n.o.v. Appellee, on the other hand, contends and the trial court agreed that the evidence demanded a finding that appellant's failure to list her son on the application and to supply the relevant information concerning him was a material misrepresentation and that Code Ann. § 56-2409 prevents a recovery by her under the policy.

It is important to note at the outset that the fact that appellant's son was driving the Corvette at the time of the collision and whether or not coverage would be afforded under that limited circumstance is not the issue in this case. The issue is whether or not appellant's failure to list her son's name on the application was a misrepresentation material to the risk of insuring the Corvette excusing appellee from liability under the policy. In urging that the evidence *demanded* a finding of misrepresentation or omission appellee contends that the application plainly called for appellant to list any member of her household over the age of 12 and anyone else driving her vehicles. Appellee construes this as calling for the listing of any person who falls within either one of two categories—a member of the household over the age of 12 regardless of their driving status or anyone else driving appellant's vehicles. Thus, it is urged that appellant was certainly aware of the fact that her son was either a member of her household or he was "anyone else driving" appellant's other vehicle, the Oldsmobile, and that appellant's failure to list him under either category was a material omission.

We are compelled to note that appellee's contention that the

application contemplated two separate and distinct categories of potential listees, only one of which requires some connection or association with appellant's automobiles, appears to be somewhat strained. The relevant heading on the application is phrased in such a manner as to imply that the information being sought is only as to those members of the household over the age of 12 who drive "insured's vehicles," and that any member of the household over that age who did not drive "insured's vehicles" need not be listed. The heading, it will be recalled, asked an applicant to "[l]ist all members of household over the age of 12 and anyone *else* driving insured's vehicles." Furthermore, the column where the actual names were to be listed was itself headed: " *Driver* name." (Emphasis supplied.) Also, other column headings imply that it is the potential listee's status as a driver that is the operative factor, not mere membership in the household. The application *as a whole* is thus capable of being construed as focusing on the potential listee's association with "insured's vehicles" and therefore the failure to list a member of the household should be judged solely on the basis of the omitted person's connection with "insured's vehicles," not on the basis of his mere status as a member of the household over a certain age. However, even giving appellee the liberal benefit of construing the application as calling for the listing of every member of the household, even those not driving "insured's vehicles," the evidence here was sufficient to authorize a finding that appellant's son was not a member of her "household" at the time the application was filled out. *Varnadoe v. State Farm &c. Ins. Co.,* 112 Ga. App. 366 (145 SE2d 104) (1965); *Keene v. State Farm &c. Ins. Co.,* 114 Ga. App. 625 (152 SE2d 577) (1966). If this be the case, it was not an "omission," material or otherwise, to fail to list him because he was merely a member of the household.

We then turned to the question of whether appellant's failure to list her son as "anyone else driving insured's vehicles" demanded a finding that appellee was excused from liability under Code Ann. § 56-2409. Appellee's argument is that since appellant's son drove *her other vehicle,* the Oldsmobile, which was insured by another company, he should have been listed on the application for insurance covering the Corvette. This would, of course, be true if the application unquestionably called for an appellant to list "anyone else driving *any* of insured's *owned* vehicles." However, the application is not unquestionably subject to this construction. The application called for an applicant merely to list "anyone else driving insured's *vehicles.* " When this direction is considered in light of the other information being . sought under the subsequent specific column headings concerning the driver of "insured's vehicles," it is

apparent that the "vehicles" referred to are those for which coverage is being sought under the application itself and not any *other* vehicle owned by the applicant but coverage for which is not being sought from the insurer. For example, the column headings for each individual who had or should have been listed as "driving insured's vehicles" required his status be designated as "Principal Operator of Veh. No. (Give Veh. Number)." The only place on the application which would bestow upon a vehicle the shorthand "Veh. No." designation clearly contemplated by this column is in the preceding "Schedule" portion of the application calling for the listing of "All *Covered* Vehicles and Trailers." (Emphasis supplied.) The only vehicle listed thereunder was, of course, the Corvette and when so listed became under the Schedule portion of the application covered "Veh. No. 1." Since the Corvette was the only vehicle on the application with a "Veh. No." it would be logical to conclude that, when the application thereafter called for the listing of "anyone else driving *insured's* vehicles" and further asked that such person be designated as the "Principal Operator of Veh. No.," what was being called for was information concerning drivers of those vehicles for which insurance coverage was being sought and not drivers of any *other* vehicle owned by the applicant. The application did ask the applicant if the "vehicle in [the Schedule portion is] the only owned vehicle?" Appellant answered: "[H]as 74 Olds insured by Cotton States." However, there was no provision made on the application for such "other" owned vehicles to be designated with a "Veh. No." In other words, the application itself contemplated that one otherwise falling within the primary definition of "anyone else driving insured's vehicles" be further classed as a "Principal Operator of Veh. No. (Give Veh. No.)" and explicitly sought such other information as would be relevant to the risk of insuring such designated, i.e., covered, vehicles. That the applicant should list only such persons as would be a "Principal Operator" of the only vehicle listed on the application with a "Veh. No.," (in this case, the Corvette) is well within the logical and reasonable construction of the application as a whole. Apparently, this was appellant's interpretation of the direction to list "anyone else driving insured's vehicles," since she testified she did not list her son because she "didn't intend for him to drive the [Corvette]." "[T]he question posed in an application must be evaluated in the light of the meaning conveyed to the insured . . ." *Fidelity Bankers Life Ins. Co. v. Renew,* 121 Ga. App. 883, 885 (176 SE2d 103) (1970). In the instant case we find appellant's understanding of the meaning of the application's direction to list "anyone else driving insured's vehicles" to be a logical and reasonable interpretation in light of the entirety of the information sought

concerning such individuals and that appellant's omission to list her son merely because he drove her other vehicle was not as a matter of law an omission, material or otherwise, from the application. If appellee desired further information concerning *all* drivers of *any* of appellant's vehicles whether or not insurance was being sought as to those vehicles it could have sought such information in a clearly worded fashion.

Under what we perceive to be the proper construction of the application and of the evidence in this case, the only question remaining is whether the evidence demanded a finding that appellant's failure to list her son on the application as a driver of the Corvette was a material omission. If appellant filled out the application by listing only herself and by giving information relative to the resulting risk of her being the only "member of the household" or "anyone else" to be driving the Corvette and that information was true at the time imparted, there was no omission or misrepresentation within the meaning of Code Ann. § 56-2409 occasioned by appellant's failure to list him as a driver of her "insured vehicles." Cf. *United Family Life Ins. Co. v. Shirley,* 242 Ga. 235, 236 (248 SE2d 635) (1978). While there was evidence which would authorize a finding that the true financial interest of appellant's son in the Corvette was concealed from appellee and that appellant's failure to list him as a *potential* operator of the Corvette was fraudulent, we cannot say that the evidence demanded a finding that the failure to list him as "anyone else *driving* insured's vehicles" was an omission material to the risk to be insured against. Cf. *Buffington v. New Hampshire Fire Ins. Co.,* 104 Ga. App. 139 (121 SE2d 270) (1961). The unrefuted evidence was that the first and only time appellant's son *drove* the car was on the date of the collision. The mere fact that appellant's son subsequently drove the Corvette once does not demand a finding that appellant's previous failure to list him as a *driver* of that vehicle was a fraudulent omission material to the risk of issuing insurance coverage on the vehicle. "We think that the intention was to escape a continuous, regular risk due to young drivers and not to absolutely escape from such risks when they were infrequent and merely occasional." *Buffington v. New Hampshire Fire Ins. Co.,* 104 Ga. App. 139, 142, supra.

Appellant alleged that appellee had issued a policy of insurance covering her Corvette, that the Corvette had been damaged in a collision at a time when the policy was in full force and effect, and that "due and proper" claim had been made to and denied by appellee. Appellee admitted that it issued a policy to appellant, that appellant had made a claim for damage to the vehicle which it had refused to pay, and that at the time of the collision the policy was in full force

and effect. Appellee's sole qualification on these admissions was to raise defensively appellant's failure to list her son on the application as a member of the household or a "driver of insured's vehicles." At trial the application itself, containing both policy limits and appellant's responses to appellee's inquiries concerning the risk to be insured against, was admitted into evidence. Compare *Shivers Chix v. Ga. Farm Bureau Ins. Co.,* 150 Ga. App. 453 (258 SE2d 208) (1979). The evidence supported the verdict for appellant's claim on the policy and did not demand a verdict for appellee based upon its defense of fraudulent omission. It was, therefore, error to grant appellee judgment n.o.v.

2. Appellant next asserts that the trial court's conditional grant of appellee's motion for new trial was erroneous. In its amended judgment the trial court ruled that "[i]f this judgment [n.o.v.] hereafter be reversed, it is ordered and adjudged that the [appellee's] motion for new trial is hereby granted pursuant to Code Ann. § 81A-150 (c). The motion for new trial is granted on the grounds that the verdict is contrary to law, the verdict is contrary to the evidence, and the verdict is strongly against the weight of the evidence."

Code Ann. § 6-1608 provides that "[t]he first grant of a new trial shall not be disturbed by the appellate court, unless the plaintiff in error shall show that the judge abused his discretion in granting it, and that the law and facts require the verdict notwithstanding the judgment of the presiding judge." Appellant has shown neither abuse of the trial court's discretion nor legal and factual circumstances in this case which dictate judgment in her favor. "When a trial court grants separate motions for judgment notwithstandng the verdict and for new trial on the general grounds, we interpret the grant of the motion for new trial to be conditional on the appellate court's vacating or reversing the judgment n.o.v. As the law and facts of this case do not demand a verdict for either party, this first grant of a new trial will not be disturbed on appeal." *Helton v. Zellmer,* 238 Ga. 735, 736 (235 SE2d 35) (1977). Appellant's second enumeration of error is without merit.

*Judgment reversed in part and affirmed in part. Deen, P. J., and Banke, J., concur.*

DECIDED APRIL 8, 1981.

*Larry I. Smith,* for appellant.
*John I. Harper,* for appellee.