38495. DAVIS et al. v. CITY OF ROSWELL et al.

SMITH, Justice.

James Davis appeals from an order of the Fulton County Superior Court granting the City of Roswell's motion for judgment on the pleadings. He contends that it was error to dismiss the City of Roswell from the action and error to grant a judgment on the pleadings. We affirm in part and reverse in part.

Davis alleges in his complaint that while en route to the hospital with his critically ill wife he was stopped by M. D. Ramey, a Roswell city policeman. According to Davis, Ramey detained him for approximately an hour without formally arresting or charging him. Ramey was informed of the emergency involving Davis' wife, but refused to allow Davis to proceed, to escort him, or to call immediately an ambulance for transport of his wife.

Ramey first summoned the Fire Department's Rescue Squad, who proved incapable of handling the problem and called an ambulance. The Davises waited for the ambulance and only then was Mrs. Davis allowed to be carried to a nearby hospital. She died there about twelve hours later. Davis named the City of Roswell, the Roswell Chief of Police, and Ramey as defendants in his complaint. The court below granted Roswell's motion for judgment on the pleadings based on Ga. Code Ann. § 69-307: "A municipal corporation shall not be liable for the torts of policemen or other officers engaged in the discharge of the duties imposed on them by law." Accordingly, the court dismissed Roswell from the action.

1. The allegations of one denied medical attention and incarcerated after an automobile accident have been held to state a cause of action under 42 USCA § 1983. Hughes v. Noble, 295 F2d 495 (5th Cir. 1961). The federal courts have demonstrated concern that where needed medical care is refused the denial or improvident delay of such aid may constitute deprivation of constitutional due process.

Fitzke v. Shappell, 468 F2d 1072 (6th Cir. 1972).

Appellee City of Roswell argues that under Georgia law a municipality is immune from liability for failure to perform or errors in performing a governmental function. Of course it is a federal right of action asserted here, and it is controlled by federal law. The supremacy clause of the Constitution prevents us from construing the federal rule to permit a state immunity defense.

In order to state a claim under 42 USCA § 1983 the plaintiff must allege that the defendant is a person who deprived him of a constitutional right while acting under color of state law or custom. See Smith v. YMCA of Montgomery, 462 F2d 634 (5th Cir. 1972). Municipalities are among the "persons" to whom § 1983 may apply, Monell v. Dept. of Social Services, 436 U. S. 658 (98 SC 2018, 56 LE2d 611) (1978). "By including municipalities within the class of 'persons' subject to liability for violations of the Federal Constitution and laws, Congress — the supreme sovereign on matters of federal law — abolished whatever vestige of the State's sovereign immunity the municipality possessed." Owen v. City of Independence, 445 U. S. 622, 647 (100 SC 1398, 63 LE2d 673) (1980).

The City of Roswell proposes that Davis seeks to impose liability upon it based upon either Roswell's negligent operation of its police department or a respondeat superior theory and argues that neither ground will support appellant's claim. We agree that neither Monell nor Owen permit a municipality to be held liable under 42 USCA § 1983 solely on negligence or respondeat superior theories. Nevertheless, if appellant is able to prove that Officer Ramey deprived him of federally guaranteed rights while acting in the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," Monell v. Dept. of Social Services, 436 U. S. 658, 694, supra, he will succeed in his action and liability may be imposed on the City of Roswell.

We find that in the present case Davis has pleaded facts sufficient to state a cause of action cognizable under 42 USCA § 1983. As a result of his detention by Officer Ramey, acting in his job as a Roswell policeman, Davis was unable to reach the hospital at a critical time in his wife's illness. It appears that Davis may be entitled to relief under some state of facts involving the City of Roswell which could be proved in support of his claim under 42 USCA § 1983, *Frady v. Irvin,* 245 Ga. 307 (5) (264 SE2d 866) (1980); 2A Moore's Fed. Prac. 2343 § 12.15. Therefore, the judgment on the pleadings is reversed.

2. As to the appellant's enumerations questioning the constitutionality of Ga. Code Ann. § 69-307 and the immunity of the

10

City of Roswell from liability under Ga. Code Ann. § 69-307, we find no error and, accordingly, affirm.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Jordan, C. J., Marshall and Weltner, JJ., who dissent.*

DECIDED SEPTEMBER 29, 1982.

*Clifford H. Hardwick, for appellants.*
*Brian A. Boyle, Dennis J. Webb, for appellees.*