65949, 66287. DAWSON et al. v. MASON (two cases).

MCMURRAY, Presiding Judge.

These two cases result from actions taken by the City of Cave Spring against Dennis E. Mason in regard to his alleged tampering with the city water system. Diane J. Dawson was the mayor of the city and Larry Freeman was the chief of police. Two Cave Spring residents, Doyle (or Doyal) White and Sharon Smith, reported that Mason had caused certain attachments to be made to the water system and had thereby wrongfully appropriated water. Based upon the information received, the mayor decided to take action against Mason.

Pursuant to the instructions of the mayor, a "notice of charges" was issued to Mason. The police chief notified Mason of the "notice of charges" and directed him to come by city hall and pick them up. A hearing was set regarding the alleged violation of the city ordinance or ordinances ("The City of Cave Spring vs. Dennis E. Mason, being Case Number 810613, Violation of Water Ordinance, Section 12"). The city contends and offered testimony based upon an alleged agreement between counsel for the city and counsel for Mason, whereby an agreement was reached that Mason and another person would and did pay for the use of the water and charges for "water and sewer taps," and the charges were thereafter dismissed by the City of Cave Spring. However, this is denied by plaintiff who contends the recorder dismissed the action based upon a nonexistent ordinance.

Mason subsequently brought an action in three counts against the City of Cave Spring, Dawson and Freeman. Plaintiff Mason alleged in the first count that he was illegally, falsely and maliciously arrested by the chief of police at the direction of the mayor; the arrest being without probable cause and without a warrant. He sought $100,000 in actual damages and $1,000,000 in punitive damages

against the defendant city for the embarrassment, humiliation and damage to his reputation and business caused by the alleged false arrest. In Count 2 he contended that the City of Cave Spring had engaged in malicious prosecution of him without probable cause after his arrest, and subsequent to the arrest dismissed all charges against him. He claimed the same injuries and sought an equal amount of additional damages. In Count 3 he contended the actions of Dawson, as mayor, and Freeman, as police chief, while acting under the cloak of authority as officials of the City of Cave Spring, were the acts of these individuals, in their individual capacities, done wilfully, maliciously and with a conscious disregard for the rights of others. He sought $50,000 in actual damages and $500,000 in punitive damages from each defendant. Plaintiff also alleged that he had given the proper ante litem notice to the city as required by law pursuant to Code Ann. § 69-308 (Ga. L. 1953, Nov. Session, p. 338; 1956, pp. 183, 184) (now OCGA § 36-33-5).

Defendants each answered the complaint separately and denied the allegations of the complaint, except for admitting the juris-dictional allegation. By counterclaim, the city sued for the illegal tampering with the water system and the illegal appropriating of the defendant city's service and water, seeking $75,000 in actual damages, $250,000 in punitive damages and expenses of litigation, including reasonable attorney fees. The other two defendants, as individuals, by counterclaim sought damages for slander arising out of the transaction with reference to the suit seeking actual and exemplary damages resulting from the alleged malicious abuse and malicious use of civil process.

By way of discovery, both plaintiff and defendants served interrogatories and requests for admissions upon the other. Plaintiff either denied or objected to each request for admission. Plaintiff likewise objected to the request for production of documents for various reasons and otherwise answered the interrogatories which in substance sought discovery as to the various matters. Therein he contended he was arrested without a warrant and other interrogatories were objected to for various reasons. Defendants, in answer to the interrogatories served upon them, identified the two witnesses shown above (White and Smith) as the persons who claimed to have seen Mason allegedly tamper with the water system in the City of Cave Spring and to otherwise have violated the water ordinance, but did not produce a copy of that ordinance. They admitted that no elected official or city employee claimed to have seen Mason cause attachments to be made to the water system but that the decision to have Mason arrested, based upon a "notice of charges," was made upon information provided by the above

witnesses. Defendants, however, failed to answer the requests for admission that Mason was arrested by a law enforcement officer for the City of Cave Spring without a warrant for his arrest and that the arresting officer did not see him tamper with, attach to, or cause to be attached to the water system of the City of Cave Spring any device known as a jumper device.

Plaintiff moved for partial summary judgment as to liability of the defendants in that they failed to file answers to the requests for admission. In response thereto, affidavits of defendant Dawson, as mayor, and an attorney employed to represent the city regarding the alleged violation of the water ordinance and settlement of the same (denied by plaintiff), were duly filed. The defendants then likewise moved for summary judgment.

The trial court issued an order that, having read the pleadings and briefs and having determined that by failing to respond to plaintiff's first requests for admission, the defendants had made certain admissions, yet through affidavits and answers to plaintiff's first interrogatories, defendants had denied these admissions and created a conflict in the evidence. The court then stated that, before ruling on the matter, it needed clarification of defendants' position on these matters. The court therefore ordered defendants to clarify their answers to the requests for admission and interrogatories within 10 days. In responses thereto, which were not sworn to, defendants answered that plaintiff was tampering with the water lines of the City of Cave Spring and was illegally using the city's water without payment. Defendants further responded that although plaintiff had promised to cease such practices, he continued nevertheless. A "notice of charges" was then filed, setting forth the violation of the city water ordinance. Defendants further averred that plaintiff was requested to come by the police office to pick up the "notice of charges," which he did, but he was never physically restrained or detained. This has been denied by plaintiff in his response to requests for admission and interrogatories.

## Case No. 65949

In ruling on the motions for summary judgment, the trial court set forth certain findings of fact and conclusions of law with reference to the admissions of the parties (as shown above). The defendants had made certain admissions in failing to respond to the requests for admission, citing *Albitus v. Farmers & Merchants Bank,* 159 Ga. App. 406, 408 (1) (283 SE2d 632), which held that any evidence in response to interrogatories inconsistent with the binding effect of the admission could not be considered by the trial court on a motion for

summary judgment. The trial court then proceeded to analyze the law with reference to malicious prosecution and false imprisonment. Thereupon, the court granted summary judgment to defendants on the issue of malicious prosecution and granted the partial summary judgment requested by plaintiff against all defendants on the issue of "false arrest/imprisonment."

In a further order, following a motion for reconsideration filed by defendants, the court further elaborated upon this order and discussed plaintiff's allegation that the required ante litem notice was given to the city and the city's denial that such notice was given, and holding there was a genuine issue as to whether the required ante litem notice was given to the city. The court held that defendants were not liable for malicious prosecution because there had been no warrant issued. However, defendants had admitted to false imprisonment of the plaintiff. The court therefore ordered summary judgment be granted in favor of defendants on the issue of malicious prosecution and granted in favor of plaintiff on the issue of "false imprisonment."

### Case No. 66287

Plaintiff filed a second motion for summary judgment showing that the proper ante litem notice (OCGA § 36-33-5 (Code Ann. § 69-308)) had been given the city by letter and return receipt requested by certified mail. The city conceded the proper notice was given, and partial summary judgment as to liability was granted to the plaintiff against the defendant city for the arrest of plaintiff and "on the issue of false imprisonment."

Defendants appeal these judgments in both cases before this court. *Held:*

1. Despite all past decisions expressing interpretations of municipal governmental and ministerial functions and the application of sovereign or constitutional immunity of cities as subdivisions of this state, the recent decision of *Davis v. City of Roswell,* 250 Ga. 8, 9 (1) (295 SE2d 317), holds generally that claims by persons allegedly deprived of their constitutional rights under color of state law or custom may be maintained under 42 USCA § 1983 despite any governmental immunity claimed if facts are pleaded and proved in support of the claim under the above federal statute. Thus, while the defense of sovereign immunity is still viable in other cases, it is not viable in a case such as the two cases sub judice where the plaintiff contends he has been deprived of certain federally guaranteed rights. Under the authority of *Davis v. City of Roswell,* 250 Ga. 8, supra, we hold that the trial court did not err in denying

defendants' combined motion for summary judgment based upon sovereign immunity.

2. For constitutional purposes, violations of municipal ordinances are treated as criminal offenses, albeit they are not violations of criminal statutes. See *State v. Burroughs,* 244 Ga. 288, 289 (2) (260 SE2d 5). Here we have neither the alleged ordinance or ordinances nor violation to ascertain the nature of same, be it civil or quasi-criminal.

3. The claim here is based on two alleged torts under Georgia law: (1) malicious prosecution (carried on maliciously and without probable cause) (Code § 105-801, now OCGA § 51-7-40); and (2) malicious arrest (arrest without probable cause made maliciously, under process of law) (Code § 105-1001, now OCGA § 51-7-1). In these cases under review we are not concerned with the malicious prosecution claim because the court granted summary judgment to the defendants, and this ruling is not before us. However, the court has granted partial summary judgment as to liability in favor of the plaintiff against all defendants "on the issue of false arrest/imprisonment." Since plaintiff has not sought judgment for false imprisonment we hold, first of all, that the court erred in rendering judgment based upon false imprisonment (unlawful detention for any length of time in depriving a person of his personal liberty) (Code § 105-901, now OCGA § 51-7-20).

We do not have, nor is there any reference in the record that the trial court had before it, the exact charges filed against the plaintiff in the municipal or recorder's court with reference to the violation or violations of Section 12 of the water ordinance, "being Case No. 810613." Plaintiff contends this ordinance is nonexistent. We note that "notice of charges" were made as to the violation or violations based upon the observations of two witnesses and upon the instigation of the mayor. The plaintiff was then advised by the chief of police of the charge or charges and requested that he come by city hall to pick them up, which he did. Plaintiff contends he was required to put up some kind of a bond. To some extent this amounted to an arrest and a detention of some time, however minute. In failing to file an answer to the requests for admission, defendants are deemed to have admitted that the arrest occurred on "June 5, 1981, by a law enforcement officer [presumably the chief of police from other discovery] . . . without a warrant for his arrest," who did not see the plaintiff attach to the water system "any device known as a jumper device."

In *Albitus v. Farmers & Merchants Bank,* 159 Ga. App. 406, 408, supra, this court held that any evidence in response to interrogatories inconsistent with the binding effect of an admission by reason of a

failure to answer requests for admission could not be considered by the trial court in ruling on a motion for summary judgment. We note here the recent decision in *Gibbons v. State,* 248 Ga. 858 (286 SE2d 717), wherein the Supreme Court discussed the rules relating to substantive evidence with regard to a prior inconsistent statement of a witness, holding at page 864, that the object of all legal investigation is the discovery of truth (citing Code § 38-101 (now OCGA § 24-1-2)) and adopting the rule always to allow the discovery of truth. But even here where the trial court refused to consider controverted facts due to the admissions (failing to answer the requests for the same that plaintiff was "arrested" for the violation of the municipal ordinance "without a warrant for his arrest" and the law enforcement officer did not see a certain activity somehow involved in the violation), the evidence still is insufficient to show an *unlawful* detention or imprisonment and a *malicious* arrest, that is, without probable cause and made maliciously under process of law so as to demand a judgment for liability against the defendants. Even admitting an arrest "without a warrant" and a detention at city hall, at least long enough to post a bond on the charge or charges as made, still does not admit a prima facie case of a malicious arrest and an unlawful detention or false imprisonment. The trial court in its order stated that *State v. Koon,* 133 Ga. App. 685 (211 SE2d 924), required a holding of liability against defendants for false arrest as the arrest was illegal for no warrant had been issued. Yet, the tort here involves a malicious arrest not merely unlawful or illegal, and the detention, if any, to make a bond must be in itself unlawful. Here there was a "notice of charges" already prepared, that is, if same does not in itself amount to a summons, copy of charges or city warrant.

Construing the evidence most strongly against the movant and in favor of the defendants opposing the motion, even here, the defendants have not admitted any liability in failing to respond to the requests for admission. See *Porter v. Murlas Brothers Commodities,* 134 Ga. App. 96, 99 (2) (213 SE2d 190); *Foskey v. Smith,* 159 Ga. App. 163, 165 (283 SE2d 33); *Bagley v. Firestone Tire &c. Co.,* 104 Ga. App. 736, 739 (123 SE2d 179); *Hanover Ins. Co. v. Nelson Conveyor &c. Co.,* 159 Ga. App. 13, 14 (1) (282 SE2d 670). Compare *Motz v. Nat. Bank of Ga.,* 156 Ga. App. 871 (275 SE2d 809); *Whiteside v. Douglas County Bank,* 145 Ga. App. 775 (2), 776 (245 SE2d 2). Accordingly, the trial court erred in granting a partial summary judgment to the plaintiff against these defendants.

*Judgments affirmed in part and reversed in part in both cases. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JUNE 9, 1983 —

C. *King Askew, Robert M. Brinson,* for appellants.

*T. Peter O'Callaghan, Jr., Jim M. Foss,* for appellee (case no. 65949).

*T. Peter O'Callaghan, Jr.,* for appellee (case no. 66287).