## 40155. CITY OF CAVE SPRING v. MASON et al.

WELTNER, Justice.

Mason brought suit against the City of Cave Spring, its mayor and its police chief, seeking recovery for what he contends to be his wrongful arrest for the purported violation of a city ordinance. The police chief, acting on the instruction of the mayor, caused Mason to be served with a "Notice of Charges." Subsequently, all contentions of the city were withdrawn, resulting in the initiation of Mason's complaint.

Upon consideration of the city's motions for summary judgment, the trial court entered an order, in part as follows: "An employee of the City may be liable for the illegal performance of a governmental function.... Under *Davis v. City of Roswell* ... [250 Ga. 8 (1) (295 SE2d 317) (1982)], a municipal corporation will be liable for the illegal performance of a purely governmental function if its actions deprive a person of federally guaranteed rights. This reasoning would also be applicable to the employees and officers of the municipal corporation. The right to be free from unlawful arrest or imprisonment is a federally guaranteed right. U. S. Constitution, Amendment IV. The arrest or imprisonment of an individual by a law enforcement officer at the direction of the Mayor of a municipal corporation without a warrant and without probable cause is an act done without authority of law."

The city appealed, and the Court of Appeals affirmed on the basis of *Davis. Dawson v. Mason,* 167 Ga. App. 129, 132 (1) (305 SE2d 820) (1983). We granted certiorari to determine whether an action will lie under 42 USCA § 1983 against the city under the facts of this case.

In affirming the trial court, the Court of Appeals, through Presiding Judge McMurray, observed: "Despite all past decisions expressing interpretations of municipal governmental and ministerial functions and the application of sovereign or constitutional immunity of cities as subdivisions of this state, the recent decision of *Davis v. City of Roswell* . . . holds generally that claims by persons allegedly deprived of their constitutional rights under color of State law or custom may be maintained under 42 USCA § 1983 despite any governmental immunity claimed if facts are pleaded and proved in support of the claim under the above federal statute. Thus, while the defense of sovereign immunity is still viable in other cases, it is not viable in a case such as the two cases sub judice where the plaintiff contends he has been deprived of certain federally guaranteed rights. Under the authority of *Davis v. City of Roswell* ... we hold that the trial court did not err in denying defendants'

combined motion for summary judgment based upon sovereign immunity." 167 Ga. App. at 132.

It is likely that the trial court and the Court of Appeals based their rulings upon the broad language in *Davis.*

"In order to state a claim under 42 USCA § 1983 the plaintiff must allege that the defendant is a person who deprived him of a constitutional right while acting under color of state law or custom." 250 Ga. at 9.

The significant inquiry here is, of course, the meaning of the terms "acting under color of state law or custom." Obviously, every servant, agent, or employee of a governmental body, while in the course of employment, acts "under color of state law or custom." "State law" is the progenitor of all public activity conducted within the bounds of our Georgia Constitution; "custom" is "state action," lacking the express direction of "state law," and "under color of" is the equivalent of "in pursuit of."

How, then, can we reconcile 42 USCA § 1983 with our traditional, constitutional, and statutory doctrine of sovereign immunity? See Constitution of Georgia of 1983, Art. 1, Sec. 2, Par. 9 (Code Ann. § 2-209), and OCGA § 36-33-3 (Code Ann. § 69-307): "A municipal corporation shall not be liable for the torts of policemen or other officers engaged in the discharge of the duties imposed on them by law."

Assuredly, 42 USCA § 1983 is *not* a federally imposed doctrine of respondeat superior. "We agree that neither Monell [v. Dept. of Social Services, 436 U. S. 658 (98 SC 2018, 56 LE2d 611) (1978)] nor Owen [v. City of Independence, 445 U. S. 622, 647 (100 SC 1398, 63 LE2d 673) (1980)] permit a municipality to be held liable under 42 USCA § 1983 solely on negligence or respondeat superior theories." *Davis,* supra, 250 Ga. at 9.

Accordingly, the problem is centered not upon the act of the agent producing the harm, but upon the nature of the "state law or custom" as formulated by his principal — the term "principal" being understood to be the policy-making apparatus itself, e.g., the appointed or elected members of the several branches of state government, or the elected members of the governing body of a county or municipality, or the appointed governing body of any other agency of state, county, or municipal government.

We interpret 42 USCA § 1983 to create a cause of action, cognizable by the courts of this state, based upon acts which are in implementation of an *intentional policy,* adopted or ratified by the governing body of a public agency, which acts work deprivation of a constitutional right. Such a policy may be formal or informal, acknowledged or vigorously denied, persistent or intermittent, or

implemented by but one single act. What is required to be proved, directly or circumstantially, is that a governing body has worked constitutional deprivation of a citizen pursuant to an impermissible or corrupt policy which is intentional and deliberate.

Because our holding in *Davis* made no delineation of these concerns, the case must be remanded to the trial court for reconsideration of the motion for summary judgment, and for further proceedings consistent herewith.

*Judgment reversed. All the Justices concur, except Hill, C. J., who concurs in the judgment only, and Smith, J., who dissents.*

DECIDED JANUARY 16, 1984.

*Brinson, Askew & Berry, Robert M. Brinson, C. King Askew,* for appellant.

*T. Peter O'Callaghan, Jr.,* for appellees.

*Walter Edwin Sumner,* amicus curiae.

SMITH, Justice, dissenting.

The majority, unable to garner the votes necessary to overrule our decision in *Davis v. City of Roswell,* 250 Ga. 8 (295 SE2d 317) (1982), instead attempts to obfuscate the clear import of what we said there. I believe that the majority's strained construction of *Davis,* a decision on which the printer's ink has barely dried, is unnecessary and confusing and I therefore dissent.

Before proceeding to my grounds for disagreement with the majority opinion, I would like to emphasize several points on which the members of this court, by virtue of the *Davis* decision, must agree. First, we recognize that a claim of deprivation of constitutionally guaranteed rights brought under 42 USCA § 1983 is cognizable in state courts. *Davis v. City of Roswell,* supra. Second, to the extent that under 42 USCA § 1983 a municipality may be liable for the misdeeds of its employees who are acting in the execution of a governmental policy or custom, see Monell v. Dept. of Social Services, 436 U. S. 658, 694 (98 SC 2018, 56 LE2d 611) (1978), the traditional state constitutional and statutory defense of sovereign immunity is no longer available to a municipal defendant. This we made perfectly clear in *Davis:* "Of course it is a federal right of action asserted here, and it is controlled by federal law. The supremacy clause of the Constitution prevents us from construing the federal rule to permit a state immunity defense." Id. at 9. See also Owen v. City of Independence, 445 U. S. 622, 647 (100 SC 1398, 63 LE2d 673) (1980); Fitzpatrick v. Bitzer, 427 U. S. 445, 456 (96 SC 2666, 49 LE2d 614)

(1976). Third, we all agree that recovery under 42 USCA § 1983 is not premised on respondeat superior or negligence, but on an injury caused by a government policy or custom which violates federally protected rights. Again, my opinion in *Davis* made this clear: "We agree that neither Monell nor Owen permit a municipality to be held liable under 42 USCA § 1983 solely on negligence or respondeat superior theories. Nevertheless, if appellant is able to prove that Officer Ramey deprived him of federally guaranteed rights while acting in the 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy,' Monell, [supra], he will succeed in his action and liability may be imposed on the City of Roswell." Id. at 9.

Having traced our considerable common ground, I turn now to the source of disagreement between myself and the majority in this case: What constitutes a governmental "policy or custom," which will enable a 42 USCA § 1983 claimant to resist a municipal defendant's motion for summary judgment. Under our Civil Practice Act, summary judgment must be denied unless it is affirmatively shown that the claimant would not be entitled to relief under any set of facts which could be proven at trial. See OCGA § 9-11-56 (Code Ann. § 81A-156); *Frady v. Irvin,* 245 Ga. 307 (5) (264 SE2d 866) (1980). Here Mason alleged that the mayor of Cave Spring directed the chief of police to arrest him without probable cause or a warrant. Whether these actions constituted the execution of a government policy or custom which would subject the city to a 42 USCA § 1983 damages claim was necessarily a factual question for the jury's determination. See Larson v. Wind, 536 FSupp. 108 (N. D. Ill. 1982). There is no question here but that the mayor and police chief of Cave Spring are among those who may fairly be said to formulate and carry out the municipality's policy. The purpose of 42 USCA § 1983 is to redress "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law," United States v. Classic, 313 U. S. 299, 326 (61 SC 1031, 85 LE 1368) (1941).

Today's majority opinion disregards these recognized principles, instead fashioning a standard which is more confusing than helpful. "We interpret 42 USCA § 1983 to create a cause of action, cognizable by the courts of this state, based upon acts which are in implementation of an *intentional policy,* adopted or ratified by the governing body of a public agency..." Majority opinion at p. 4. To the contrary, no such standard has ever been promulgated or approved by the United States Supreme Court, and the federal judiciary has settled on the view that unintentional conduct and

failure to perform a duty can provide grounds for a § 1983 claim. In Rizzo v. Goode, 423 U. S. 362 (96 SC 598, 46 LE2d 561) (1976) and its progeny, it has been established that implicit authorization or acquiescence in constitutional misconduct by supervisory officials is actionable. This doctrine was refined in Estelle v. Gamble, 429 U. S. 97 (97 SC 285, 50 LE2d 251) (1976), where the Court said that the plaintiff must show (at least in the context of the Eighth Amendment) "deliberate indifference" to a probable constitutional violation. Estelle's "deliberate indifference" and Rizzo's "authorization or acquiescence" standards are also satisfied when a supervisory official fails to act or acts incompletely to remedy the harm "when he had actual or *imputed* knowledge of a past pattern of police misconduct or knowledge of well-known, isolated incidents of police misconduct. See Parker v. McKeithen, 488 F2d 553 (5th Cir.), cert. denied, 419 U. S. 838 (95 SC 67, 42 LE2d 65) (1974); Sims v. Adams, 537 F2d 829, 831-32 (5th Cir. 1976)." Leite v. City of Providence, 463 FSupp. 585 (D. R. I. 1978) (emphasis supplied).

There is clearly no requirement in these cases that conduct violative of the Constitution be either intentional *or* formally adopted by the governing body of a public agency. Perry v. Elrod, 436 FSupp. 299 (N. D. Ill. 1977) (implied acquiescence sufficient for § 1983 liability). In my view the majority opinion misapprehends the basis for § 1983 liability. No formula for misconduct need be shown by the claimant, and no wilfulness or specific intent to deprive him or others of protected rights is required. A reckless disregard or indifference to violation of these rights, which need not amount to implementation of an intentional policy, is sufficient. See Monroe v. Pape, 365 U. S. 167, 187 (81 SC 473, 5 LE2d 492) (1961).

Because I strongly disagree with the majority opinion, which ignores pertinent cases construing 42 USCA § 1983 as well as this court's opinion in *Davis v. City of Roswell,* and because I think that the Court of Appeals and the trial court correctly applied the controlling law, I would affirm.