### 41462. POSS v. MORELAND.
(324 SE2d 456)

GREGORY, Justice.

John Terry Moreland filed suit for damages in Fulton Superior Court against Carl W. Poss, Sr., an attorney, and others. He alleged Poss had wrongfully caused him to be arrested and confined. The complaint sets forth several state law tort claims and a claim under Federal law, 42 USC §§ 1983 and 1988. After discovery, Poss filed a motion for summary judgment as to all claims then pending against him. The trial court granted the motion and Moreland appealed to the Court of Appeals. The Court of Appeals affirmed the trial court except as to the federal law claims and as to one of the state law claims, false imprisonment. We granted certiorari to determine if the grant of summary judgment against the federal law claims was proper.

We must decide whether, under the facts of this case, a claim exists under 42 USC §§ 1983 and 1988 against a private attorney who filed a pleading which purported to order the arrest of the plaintiff for contempt of a court order, and plaintiff was arrested and confined, when there had been no arrest order from the court. We conclude the answer is no.

The facts as developed below in the pleadings and on discovery established that attorney Poss filed a "citation for contempt" in De-Kalb Superior Court on February 9, 1981. Poss signed this document as attorney for plaintiff. In it were allegations that John Terry Moreland had failed to abide by a divorce settlement agreement and would soon be in arrears in the sum of $432. Paragraph 4 stated: "It is further ordered by this Court that the Sheriff of DeKalb County or his lawful deputy arrest the defendant, John Terry Moreland, and incarcerate him in the common jail of DeKalb County until he purges himself of this contempt by paying to Lisa Bailey Moreland the sum of Three Hundred ($300.00) Dollars in arrearage of child support and One Hundred Thirty Two ($132.00) Dollars in arrearage on the automobile." The prayer was for judgment against Moreland for $432 plus attorney fees and costs. Attached to this document was an order signed by a DeKalb Superior Court Judge ordering service on Moreland and that he show cause at a scheduled hearing why plaintiff's

prayers should not be granted.

Other defendants named below included the sheriffs of DeKalb and Rockdale Counties and a number of their employees. While it is disputed, certain employees testified that Poss called several times to inquire why the arrest had not been made. Apparently believing a valid arrest order existed, deputies of the Rockdale County Sheriff arrested Moreland and delivered him to DeKalb County deputies where he was confined several hours. Upon payment of $432, Moreland was released.

Our decision is controlled by the opinion in Lugar v. Edmondson Oil Co., 457 U. S. 922 (102 SC 2744, 73 LE2d 482) (1982). 42 USC § 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ."

In Lugar, supra, the court adhered to the basic approach earlier laid down in Adickes v. S. H. Kress & Co., 398 U. S. 144 (90 SC 1598, 26 LE2d 142) (1970) and followed in Flagg Bros. v. Brooks, 436 U. S. 149 (98 SC 1729, 56 LE2d 185) (1978).[1] A plaintiff in a § 1983 action must show (1) "that he has been deprived 'of a right secured by the "constitution and laws" of the United States,'" and that (2) the defendant acted under color of state law. The Supreme Court then set forth an analysis of the "under-color-of-state-law" part of the foregoing two-part requirement. The conduct causing the deprivation must be fairly attributable to the state in order to be conduct "under-color-of-state-law." This is characterized as the "fair attribution" test. It is itself broken into a two part approach which we outline here for ease in application to the facts of this case.

A. The deprivation must be caused by:

(i) The exercise of some right or privilege created by the state, or

(ii) a rule of conduct imposed by the state, or

(iii) a person for whom the state is responsible.

B. The party charged with the deprivation must be a "state actor" in that:

(i) He is a state official, or

(ii) he has acted together with or has obtained significant aid from state officials, or

(iii) his conduct is otherwise chargeable to the state.

A and B are separate requirements each of which is necessary to

---

[1] The court first determined that if the conduct depriving a plaintiff of rights amounts to "state action" under former decisions, it also amounts to action "under-color-of-state-law" as used in § 1983.

establish conduct "under-color-of-state-law." Of course, in the case of the conduct of one who has been clothed with official state authority A and B are both present in that single circumstance because he is a person for whom the state is responsible, A (iii), and is a state official, B (i). To illustrate the nature of the separate requirements the Court cited Moose Lodge No. 107 v. Irvis, 407 U. S. 163 (92 SC 1965, 32 LE2d 627) (1972) and Flagg Bros., supra. In Moose Lodge, supra, there was a discriminatory policy as to admitting guests to the premises of the lodge. However, this was the policy of the lodge, not of the State of Pennsylvania. The state's liquor regulatory scheme was unrelated to the discriminatory policy. The decision to discriminate could not be ascribed to the government. Therefore, part A of the two-part requirement was not met. In Flagg, supra, a warehouseman exercised a right given under a New York statute to sell the stored furniture of a debtor which was challenged as a violation of Fourteenth Amendment due process and equal protection. The state statute was an act of the state legislature and clearly satisfied part A. But, the warehouseman was a private party acting without assistance from state officials. Part B was not met. Yet another illustration of the application of the "fair attribution" requirement is given in Lugar, supra. Count 2 of the Lugar complaint alleged that deprivation resulted from "malicious, wanton, wilful . . . and unlawful acts." This was construed as an allegation that the defendant had acted unlawfully under state law, with the result that the complained of conduct could not be ascribed to any governmental decision. The alleged conduct was contrary to the relevant governmental decision. There was no allegation the conduct was by a person for whom the state is responsible. Therefore, all three subparts of A were absent.

In the case before this court Moreland contends Poss filed a citation for contempt in which he ordered the sheriff to arrest and incarcerate Moreland. This is an act all parties agree to be unlawful under Georgia law. Poss had no authority to issue an arrest order. Consider part A of the fair attribution test. This was clearly not the exercise by Poss of some right or privilege created by the state, but quite the opposite. Neither was there some rule of conduct imposed by the state, but a plain violation of the correct state law rule, which would have required a hearing, after notice, and a judicial determination to confine Moreland. Neither is Poss, a private attorney, a person for whom the state is responsible. Henderson v. Fisher, 631 F2d 1115, 1119 (1980). Even though private attorneys are licensed by the State of Georgia they are not persons for whom the state is responsible within the meaning of the fair attribution test. Thus all three subparts of A are absent in this case. We do not reach part B.

This case is not controlled by either *Davis v. City of Roswell*, 250 Ga. 8 (295 SE2d 317) (1982) or *City of Cave Spring v. Mason*, 252 Ga.

3 (310 SE2d 892) (1984).[2] The distinguishing factor is that the defendants in those cases were municipalities. Here we have an individual. Those cases involved an additional step, not present here, in order that the municipality be held responsible for acts of an individual. Here we deal directly with an individual as the defendant. While § 1983 refers to "persons" who deprive others of rights and might thereby become a defendant, it has been established that a municipality is a person within the meaning of § 1983. Monell v. New York City Dept. of Social Services, 436 U. S. 658 (98 SC 2018, 56 LE2d 611) (1978). However, since cities act only through individuals, it became necessary to decide which acts of individuals could be attributed to a city under § 1983 principles. We held in *Davis*, supra, that the individual must be "acting in the 'execution of a government's policy or custom. . . .' " In *City of Cave Spring*, supra, we added the requirement that there be an ". . . intentional policy, adopted or ratified by the governing body. . . ." The requirement that the conduct be attributed to the city is not to be confused with the "under-color-of-state-law" requirement in § 1983 as analyzed in Lugar, supra. If the defendant is a city, it is necessary that the Lugar fair attribution test be met *and* that the intentional policy test of *City of Cave Spring* and *Davis* be met.

The record discloses an absence of any genuine issue as to any material fact concerning the federal law claim. OCGA § 9-11-56 (c). Therefore, the trial court properly granted summary judgment and we must reverse the Court of Appeals' opinion to the contrary. The case is remanded for further consideration of the issues now pending in the trial court and for the claim of false imprisonment against Poss.

*Judgment reversed. Hill, C. J., Marshall, P. J., Clarke, Smith, Gregory and Weltner, JJ., and Judge Joseph H. Gaines concur. Bell, J., disqualified.*

DECIDED JANUARY 9, 1985 —
REHEARING DENIED JANUARY 29, 1985.

*Bondurant, Miller, Hishon & Stephenson, Jeffrey M. Smith, Jeffrey O. Bramlett*, for appellant.

*James J. Macie, Smith, Welch & Meadows, Rodney G. Meadows*, for appellee.

---

[2] For an excellent analysis of these two opinions and the overall impact of Monell v. Dept of Social Services, 436 U. S. 658 (98 SC 2018, 56 LE2d 611) (1978), see: R. Perry Sentell, *Georgia Local Government Law's Assimilation of Monell: Section 1983 and the new "Persons."* The Michie Company 1984.

HILL, Chief Justice, concurring specially.

I concur in the opinion of the majority, but I deem it important to point out that Moreland does not contend that Poss conspired with the other defendants to deprive him of his civil rights. If there was a material question of fact as to whether such a conspiracy existed, summary judgment would not be appropriate. Adickes v. S. H. Kress & Co., 398 U. S. 144, 152 (90 SC 1598, 26 LE2d 142) (1970).