### 69630. DAVIS v. RAMEY et al.
(330 SE2d 130)

SOGNIER, Judge.

James R. Davis brought this action for wrongful death of his wife and deprivation of her civil rights under 42 USC § 1983 against Robert Ramey, a Roswell City policeman, T. L. Joyner, the Roswell City Police Chief, and the City of Roswell (Roswell). In *Davis v. City of Roswell,* 250 Ga. 8 (295 SE2d 317) (1982), the Supreme Court reversed the trial court's grant of judgment on the pleadings to Roswell. On remand, the case was tried before a jury which rendered a verdict in favor of all defendants on the wrongful death count, and in favor of Ramey but against Joyner and Roswell on the civil rights claim. Davis appeals from the trial court's grant of motions for j.n.o.v. and a new trial to Joyner and Roswell, and the trial court's denial of Davis' motion for attorney fees under 42 USC § 1988.

1. Appellant contends that the trial court erred by granting appellees' motion for j.n.o.v. because there was sufficient evidence to support the jury's verdict against Joyner and Roswell for violating his wife's federal civil rights by denying her medical care. *Davis,* supra at (1). To prevail on his civil rights claim, appellant was required to prove that his wife was deprived of a constitutional right by a person acting under color of state law in implementing "an *intentional policy,* adopted or ratified by the governing body of a public agency . . . . Such a policy may be formal or informal, acknowledged or vigorously denied, persistent or intermittent, or implemented by but one single act." *City of Cave Spring v. Mason,* 252 Ga. 3, 4-5 (310 SE2d 892) (1984). The denial or improvident delay of needed medical care may constitute a deprivation of constitutional due process. *Davis,* supra at 89 (1); *Fitzke v. Shappell,* 468 F2d 1072 (6th Cir. 1972), *Hughes v. Noble,* 295 F2d 495 (5th Cir. 1961).

The evidence adduced at trial shows that Ramey, while acting in the scope of his employment as a Roswell City Police officer, stopped appellant who was driving his critically ill wife to the hospital. Evidence concerning the reasons for the stop was contradictory. Ramey testified that he stopped appellant because appellant's car crossed over the centerline as Ramey was traveling in the opposite direction, running Ramey off the road. Appellant testified that he was driving properly at all times. Ramey did not arrest appellant or charge him with any traffic violation. Appellant informed Ramey of his wife's critical condition and that he was on his way to the hospital where her doctors were waiting to treat her. Ramey determined that appel-

lant was not in a condition to proceed on his own but declined to provide appellant with an escort to the hospital. Instead Ramey called his supervisor and the Roswell Volunteer Fire Department emergency squad. An ambulance called by the emergency squad eventually arrived and transported appellant's wife to the hospital. Appellant's wife died the following day.

The evidence was conflicting whether a policy existed regarding police procedure for handling medical emergencies and, if so, whether Ramey followed that policy. It is uncontroverted that Ramey's only training from the Roswell Police Department had consisted of three weeks of riding with a senior police officer. There was sufficient evidence based on the testimony of police chief Joyner and others to support a finding that the Roswell Police Department provided no training to its officers to handle predictable medical emergency situations but had a deliberate policy of "officer discretion" under such circumstances, resulting in this case in a wrongful delay of necessary medical attention in violation of 42 USC § 1983. See *Davis*, supra at 8-9 (1).

In reviewing the grant of j.n.o.v. we must view the evidence in the light most favorable to the party who secured the verdict and determine whether the evidence demanded the j.n.o.v. or whether there was some evidence to support the jury's verdict. *Bryant v. Colvin*, 160 Ga. App. 442, 444 (287 SE2d 238) (1981); *Pendley v. Pendley*, 251 Ga. 30, 31 (302 SE2d 554) (1983). A j.n.o.v. is improperly granted where there is conflicting evidence. *Bryant*, supra at 444; *Pendley*, supra at 31. The evidence in this case was conflicting and we cannot say that a verdict was demanded for appellees. Therefore, the trial court erred by granting j.n.o.v. *Bryant*, supra at 445.

2. Appellant contends the trial court erred by granting appellees' motion for new trial conditional on this court's vacating or reversing the trial court's j.n.o.v. "The first grant of a new trial shall not be disturbed by an appellate court unless the appellant shows that the judge abused his discretion in granting it and that the law and facts require the verdict notwithstanding the judgment of the presiding judge." OCGA § 5-5-50. Appellant has shown neither abuse of the trial court's discretion nor legal and factual circumstances dictating judgment in his favor, and we therefore find no error in the trial court's grant of appellees' motion for new trial. *Hicks v. American Interstate Ins. Co.*, 158 Ga. App. 220, 225 (2) (279 SE2d 517) (1981).

3. Appellant contends the trial court erred by failing to allow into evidence a letter written to Joyner by an attorney who had represented appellant in legal matters and who also acted as the Roswell city attorney. The letter, offered as evidence of its contents, constituted inadmissible hearsay. See OCGA § 24-3-1; *Newport Timber Corp. v. Floyd*, 247 Ga. 535, 541 (3) (277 SE2d 646) (1981). Appel-

lant's argument that the letter was admissible as an exception to the hearsay rule either as an admission by appellees' agent or as a business record is not supported by the evidence. We therefore find no merit in this enumeration.

4. Appellant contends the trial court erred by denying his motion for attorney fees under 42 USC § 1988, the Civil Rights Attorney's Fees Awards Act of 1976. A plaintiff must be a prevailing party in order to recover attorney fees under 42 USC § 1988. *Hensley v. Eckerhart*, __ U. S. __ (103 SC 1933, 76 LE2d 40) (1983); *Hanrahan v. Hampton*, 446 U. S. 754, 756 (100 SC 1987, 64 LE2d 670) (1980). Appellant has not prevailed on any of his claims at this point for the purposes of shifting counsel fees to the opposing party under 42 USC § 1988. *Hanrahan*, at 446 U. S. 759. Therefore, the trial court did not err in denying appellant's motion for attorney fees.

*Judgment affirmed in part; reversed in part. Banke, C. J., McMurray, P. J., Birdsong, P. J., Carley and Benham, JJ., concur. Deen, P. J., Pope and Beasley, JJ., dissent.*

DEEN, Presiding Judge, dissenting in part.

In order to impose liability upon the City of Roswell under 42 USC § 1983, three requirements must be met:

(1) The City intentionally and deliberately instituted or authorized a policy or custom;

(2) Which was corrupt or impermissible; and

(3) Which "caused" Officer Ramey to violate the plaintiff's constitutional rights.

*Monell v. Dept. of Social Services*, 436 U. S. 658 (98 SC 2018, 56 LE2d 611) (1978); *Davis v. City of Roswell*, 250 Ga. 8 (295 SE2d 317) (1982); *City of Cave Spring v. Mason*, 252 Ga. 3 (310 SE2d 892) (1984).

The trial judge, after reviewing the record, stated that he was "unable to find any evidence that Defendant Ramey acted improperly or that his actions violated the Plaintiff's civil rights. Further, the Court has been unable to find any evidence that either Defendant City of Roswell or Defendant Terry L. Joyner established or ratified a policy or took any other action sufficient to impose liability upon them under 42 U.S.C. § 1983."

We have reviewed the evidence and conclude that the trial court did not err in granting the defendant's motion for judgment notwithstanding the verdict.

While by hindsight the policy of "officer discretion" as to emergency medical situations might have dictated that the officer escort the appellant to the hospital, we can say as a matter of law and fact that the City's policy, and the evidence in this case as to the acts performed by the officer, were not so unreasonable as to impose liabil-

ity. I would affirm the judgment of the trial court.

I am authorized to state that Judge Pope and Judge Beasley join in this dissent.

DECIDED MARCH 14, 1985 —
REHEARING DENIED MARCH 29, 1985 —

*Clifford H. Hardwick*, for appellant.
*Dennis J. Webb, Brian A. Boyle*, for appellees.
*Richard K. Greenstein*, amicus curiae.