33612. LANCASTER et al. v. ALLEN et al.

BOWLES, Justice.

W. Carswell Rahn was the owner of 5.18 acres of land in Effingham County, Georgia, which was zoned A-R 1, restricted agricultural-residential use. Application was made to the planning board of that county to have this tract rezoned from A-R 1 to B-2, general commercial. The planning board recommended to the county commissioners that the application be denied. The board of commissioners after proper notice and hearing, in which all the appellants participated, approved the application for zoning change. Thereupon the plaintiffs below, appellants here, brought an equitable complaint against the county commissioners and the property owner, alleging that the rezoning action of the commissioners was ultra vires; constituted an abuse of the commissioners' zoning authority; and alleging that the result would cause a substantial reduction in the value of the plaintiffs' property. They sought to restrain enforcement of the commissioners' rezoning decision and asked that the resolution adopting a change in the zoning ordinance be declared invalid and void. The matter was heard by the trial court with all parties participating. Final judgment was entered denying to plaintiffs any relief. Appellants appeal that ruling to this court. We

affirm.

1. Appellants are property owners near the rezoned property. We have no record before us as to what evidence was presented at the hearing before the county commissioners. We do have a record of the evidence presented in the superior court but it does not illustrate what elements were considered by the county commissioners in making their determination. Under similar circumstances we held in *Cross v. Hall County,* 238 Ga. 709, at p. 711 (235 SE2d 379) (1977), that "Neighbors of rezoned property cannot invalidate the rezoning by showing that the preponderance of the evidence was against the zoning change. When neighbors of rezoned property challenge the rezoning in court on its merits, it will be set aside only if fraud or corruption is shown or the rezoning power is being manifestly abused to the oppression of the neighbors. [Cits.]" The record here shows no evidence of fraud or corruption, and at best it is conflicting as to whether or not the rezoning power was manifestly abused to the oppression of the neighbors. Appellants have not overcome the presumption of zoning validity by "clear and convincing evidence." *Guhl v. Holcomb Bridge Rd. Corp.,* 238 Ga. 322 (232 SE2d 830) (1977). The trial court determined as a matter of fact that the rezoning power exercised was within the authority conferred upon the commissioners and that such authority was not abused. We will not disturb his order to that effect.

2. Appellants complain that the trial court erred in refusing to allow them to cross examine defendant commissioners as to the policy of C & S Bank of Effingham County in making 100 per cent loans on realty. The evidence indicated that two of the commissioners were also directors of that bank. "The scope of cross examination lies largely within the discretion of the trial court. It will not be disturbed by this court unless it is shown that there has been an abuse of that discretion." *English v. State,* 234 Ga. 602, 604-605 (216 SE2d 851) (1975) and cits. There was no abuse of discretion here.

3. The other assignments of error have not been argued nor have citations of authority been furnished in support of the same. They will not be considered in

keeping with Rule 18 (c) (2) of this court.

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs in the judgment only.*

SUBMITTED MAY 19, 1978 — DECIDED SEPTEMBER 5, 1978.

*Alexander L. Zipperer, III,* for appellants.
*Harry H. Hunter, Z. Vance Dasher,* for appellees.