## 40269. WYMAN et al. v. POPHAM et al.

BELL, Justice.

Appellee Popham made an application to rezone two lots located in a Douglas County residential subdivision from single family residential to general commercial classification. The Douglas Board of Commissioners unanimously voted to grant the application, and appellants, residents of the subdivision, filed suit to block commercial development of the lots. Their complaint was cast in three counts; in the first two counts, appellants petitioned the court to set aside the rezoning and to enjoin development of the property under the rezoned classification, and in the remaining count they alleged a claim based upon 42 USCA § 1983. In support of their claims appellants alleged, in part, that the rezoning was unconstitutionally arbitrary and unreasonable, that it was a manifest abuse of the rezoning power, and that the votes of two of the commissioners were the product of fraud and corruption. The case came on for trial, and the court subsequently entered judgment dismissing the 42 USCA § 1983 claim for lack of subject matter jurisdiction, and denying the remaining claims on the ground that appellants had failed to establish their claims by clear and convincing evidence. The plaintiffs appeal from the entire judgment, raising six enumerations of error. We reverse in part.

1). Appellants' sixth enumeration of error is unsupported by argument or citation of authority, and must be deemed abandoned pursuant to our Rule 45 (Code Ann. § 24-4545).

2). One of the arguments appellants make in their remaining enumerations is that the trial court erred by ruling they had failed to carry their burden to demonstrate that the votes of two members of the three-person board of commissioners were influenced by their financial interest in the rezoning. There was testimony at trial that Popham, who is a real estate developer, is a customer of the two commissioners, and, in particular, that one of the commissioners sells him all of the sand he uses in his business, and that the other does all of Popham's gutter work. The trial judge found that this evidence did not constitute a clear and convincing showing of fraud or corruption. We believe, however, that the court applied too stringent a burden of proof.

Although this court has previously reviewed several zoning suits in which there were allegations of fraud and corruption, the exact issue of the proper burden of proof to impose upon plaintiffs who allege fraud and corruption is one of first impression. For example, in *Olley Valley Estates v. Fussell,* 232 Ga. 779 (208 SE2d 801) (1974), we held that fraud based on self-interested voting in arriving at a zoning

decision could be a ground for judicial reversal, and in *Cross v. Hall County,* 238 Ga. 709 (1) (235 SE2d 379) (1977), we held that the plaintiffs in that case had failed to show fraud or corruption, id. at 712; however, in neither case did we state how much proof was necessary to show fraud or corruption. Although we found in a later case, *Lancaster v. Allen,* 242 Ga. 5 (1) (247 SE2d 746) (1978), that plaintiffs had not overcome the presumption of zoning validity by clear and convincing evidence, id. at 6, we also found that the record in that case was devoid of any evidence of fraud or corruption. Thus, in *Lancaster* we neither applied the clear and convincing standard to the allegations of self-interested voting, nor considered the appropriate quantum of proof as to that issue. More recently, in *Dunaway v. City of Marietta,* 251 Ga. 727 (308 SE2d 823) (1983), we affirmed the trial court's finding that plaintiffs therein had standing to contest a rezoning decision based on their claim of a conflict of interest, but reversed the trial court's grant of summary judgment in favor of the defendants on the merits of that issue, holding that under all the circumstances of the case the conduct of the chairman of the planning commission was sufficient to raise a question of fraud or corruption, id. at 728-729. We did not address the issue of the burden which the *Dunaway* plaintiffs would bear on remand.

However, even though this issue is a novel one, we have on a prior occasion noted the importance of promoting full and fair adjudication of allegations of fraud and corruption, observing that " 'zoning ordinances and regulations should be designed to promote the general welfare and other objectives specified in the statutes, rather than to benefit individual property owners . . .,' " *Olley Valley Estates,* 232 Ga. at 782-783, and that " 'the general rule against inquiring into the motives of the legislative body gives way as a matter of public policy where there is an allegation or appearance of corruption or fraud,' " Id. at 783. Bearing in mind that fraud is often subtle and difficult of proof, and, in addition, that the integrity of the process of public deliberation is of the utmost importance to the public weal, we will not impose upon those claiming fraud or corruption in the promulgation and administration of zoning ordinances any standard other than that of the preponderance of the evidence.

The evidence in the record now before us is sufficient to authorize — but not require — the superior court to find fraud and corruption by the preponderance of the evidence, and we reverse and remand for reconsideration of that issue in accordance with this standard.

3). Appellants also contend that the court erred by dismissing their civil rights claim. We agree. We have previously interpreted 42

USCA § 1983 "to create a cause of action, cognizable by the courts of this state. . . ." *City of Cave Spring v. Mason,* 252 Ga. 3, 4 (310 SE2d 892) (1984). See *Davis v. City of Roswell,* 250 Ga. 8 (1) (295 SE2d 317) (1982). The trial court therefore clearly has subject matter jurisdiction to entertain appellants' § 1983 claim, and its dismissal of that claim must be reversed and remanded for further consideration.

4). The remainder of appellants' argument concerns the court's findings that the commissioners did not act arbitrarily and unreasonably so as to deny appellants their constitutional rights, and did not manifestly abuse the rezoning power to the oppression of appellants. *Cross v. Hall County,* supra. Although appellants raised numerous grounds in this regard at the trial level, the sole contention carried forward on appeal and supported by argument and citation of authority is that water service to their subdivision is already inadequate, and that commercial development of Popham's lots will work to oppress them by impacting the existing water shortage to a greater extent than would residential development of the sites, and by creating a fire hazard. The trial court found that, although the water supply for the subdivision is indeed inadequate for both personal and fire protection purposes, the evidence was conflicting concerning whether commercial use of the lots would require more or less water than residential use. Our review of the record shows that the trial judge was authorized to make this finding, and that he did not err in holding that appellants failed to carry their burden on this issue.

The judgment is therefore reversed in part and affirmed in part, and the case remanded for further proceedings consistent herewith.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MARCH 7, 1984.

*Coney & Winn, John L. Coney,* for appellants.
*W. O'Neal Dettmering, Jr., B. Keith Rollins, Richard L. Collier,* for appellees.

HILL, Chief Justice, concurring.

I agree with the majority opinion and write separately to point out the following:

Zoning cases fall at the outset into one of two major categories, each of which is quite separate and distinct: (1) suit by a landowner against the zoning authorities challenging the existing zoning of *his or her* property as being an unconstitutional taking of private property without just compensation, e.g., *Barrett v. Hamby,* 235 Ga. 262, 265

(219 SE2d 399) (1975); and (2) suit by a neighbor of rezoned property against the zoning authorities and the owner of such property challenging the rezoning. Decisions in one category are most often inapplicable to cases in the other category. This suit is in the second category.

In *Cross v. Hall County,* 238 Ga. 709, 711 (235 SE2d 379) (1977), also a category two case, we held: "Neighbors of rezoned property cannot invalidate the rezoning by showing that the preponderance of the evidence was against the zoning change. When neighbors of rezoned property challenge the rezoning in court on its merits, it will be set aside only if fraud or corruption is shown or the rezoning power is being manifestly abused to the oppression of the neighbors." (Citations omitted.) There is a distinct difference between showing that the preponderance of the evidence was against the zoning change on the one hand and, on the other hand, showing by the preponderance of the evidence that the rezoning power is being manifestly abused to the oppression of the neighbors. I therefore agree with the standard adopted in Division 2 of the majority opinion.[1]

The neighbors here challenge the rezoning on the additional grounds that it was "spot zoning." In my view "spot zoning," if found, would constitute manifest abuse of the rezoning power to the oppression of the neighbors within the meaning of *Cross v. Hall County,* supra.

Regarding the neighbors' claim under 42 USCA § 1983, that section (in pertinent part) authorizes a person deprived "of any rights, privileges, or immunities secured by the Constitution and laws" to sue "in an action at law, suit in equity, or other proper proceeding for redress." The neighbors' claim that they were denied their rights and privileges "secured by the Constitution" against unconstitutional rezoning is, at best, vague and possibly untenable.[2] The majority reverses because the trial court found it lacked subject matter jurisdiction of the § 1983 claim, not because the trial court erroneously found that the complaint failed to state a claim on which relief could be granted.

---

[1] In *Lancaster v. Allen,* 242 Ga. 5 (1) (247 SE2d 746) (1978), the court inadvertently referred to the "clear and convincing" burden, but that is the burden placed upon a property owner who challenges the existing zoning of *his or her* property. See *Guhl v. Holcombe Bridge Rd. Corp.,* 238 Ga. 322, 323 (232 SE2d 830) (1977).

[2] As pointed out in *Cross v. Hall County,* supra, 238 Ga. at 710-711, it is one thing for a property owner to show that the zoning of his property is unconstitutional, and it is an entirely different matter for a neighbor to show that the zoning of adjacent property is unconstitutional.

Moreover, if, as the neighbors contend, they are entitled to damages under § 1983, supra, then they have an adequate remedy at law and are not entitled to injunctive relief under counts one and two of their complaint. Thus, it appears to me that the neighbors cannot succeed in obtaining both injunctive relief under Georgia law and monetary relief under § 1983. They must at some point elect the remedy they seek, even assuming that their § 1983 claim can be maintained on its merits (see text at footnote 2). For the reasons stated above as well as those stated by the majority, I concur in the opinion and judgment of the court.