74595. JOHNSON v. AUTO/MEND, INC. et al.
(359 SE2d 10)

BANKE, Presiding Judge.

On March 23, 1984, Johnson entered into a 5-year contract of employment with Auto/Mend, Inc., a Georgia corporation, to serve as its president and chief executive officer. The agreement provided that the relationship could be terminated by the corporation for cause upon 60 days' advance written notice. "Cause" was defined by the contract as "such actions, or failure to take such actions by Mr. Johnson which would have a material adverse effect upon the operations of the company as a whole."

Following the annual meeting of the board of directors held on October 11, 1985, Johnson was notified by letter that his employment was terminated for cause, effective 60 days hence. Johnson thereafter instituted the present action, charging the corporation, in Count 1 of his complaint, with breach of the employment contract, and charging six of its officers and/or directors, in Count 2, with tortious interference with his contractual rights. The appellees moved for summary judgment with respect to Count 2 of the complaint, and Johnson appeals the grant of that motion. *Held*:

Johnson asserts that a question of fact remains as to whether the board members who voted to terminate the contract of employment acted with malicious intent. On this issue, the appellees' motion for summary judgment was supported by the affidavits of six members of the board of directors, five of whom had been in attendance at the October 11th meeting and had voted to terminate the appellant's contract of employment. Each of these board members averred that it had been unanimously concluded at the meeting that "Johnson's mismanagement of the affairs of the company as president and chief executive officer was the primary cause of the losses and negative cash flow previously sustained by the company." Further, each such board member averred that he had voted for Johnson's termination based on a good-faith determination that such action was in the best interest of the company. Additionally, in response to the appellant's interrogatories, the appellees enumerated several acts and omissions on the part of Johnson which they contend evidenced his mismanagement of the business.

In response to the motion for summary judgment, the appellant filed a counter-affidavit in which he averred that no action or failure to act on his part had had an adverse effect on the operation of the company and that he had not mismanaged the affairs of the company.

He further averred that the appellees conspired to remove him from his role in management in July of 1985 and had placed him in a marketing position, from which he had no longer been able to monitor the business as a whole. However, the appellant was unable, in response to interrogatories filed by the appellees, to identify specific facts or circumstances upon which he based his allegation that the appellees had acted maliciously rather than in what they in good faith believed to be the best interests of the company.

We conclude that the evidence submitted by the appellant provided no facts or circumstances from which actual malice on the part of the appellees could be inferred. "Conclusory allegations by the plaintiff of conspiracy [and] malice . . . are insufficient — in the absence of substantiating fact or circumstances [—] to raise a material issue for trial. '[I]t is the duty of each party at the hearing on the motion for summary judgment to present his case in full.' *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 604 (203 SE2d 173) (1974). 'There having been clearly shown a want of actual malice, the pleadings of [appellant] were pierced and the lack of a right of recovery was disclosed. [Appellant] filed no . . . evidence showing malice, and in the absence thereof summary judgment was justified. [Cits.]' " *Sherwood v. Boshears*, 157 Ga. App. 542, 544 (278 SE2d 124) (1981), citing *Morton v. Stewart*, 153 Ga. App. 636, 643 (266 SE2d 230) (1980).

The appellant's reliance on *Nottingham v. Wrigley*, 221 Ga. 386 (144 SE2d 749) (1965), is misplaced. There, the Supreme Court upheld a jury verdict in favor of the plaintiff in a similar suit against the directors of a closely held corporation, based on evidence that, contrary to the directors' claims of mismanagement, the business had prospered during the term of the plaintiff's employment. More importantly, the evidence in that case clearly revealed that the board members had conspired to conceal corporate assets in an attempt to deprive the plaintiff of a remedy for the injury he had sustained as a result of the termination of his employment contract, thereby demonstrating the requisite malicious intent. See generally OCGA § 51-12-30. No such evidence having been submitted by the appellant in the present case, there is nothing to controvert the appellees' showing that they acted in what they believed to be the best interests of the business and without malicious intent. Accordingly, the appellees' motion for summary judgment was properly granted as to Count 2 of the complaint.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED JUNE 16, 1987.

*John P. Hines, Gregory T. Presmanes*, for appellant.
*W. Terence Walsh, Donna P. Bergeson*, for appellees.