## 77047. HENDERSON v. SHERRINGTON et al.
(376 SE2d 397)

BANKE, Presiding Judge.

On August 16, 1985, the appellant was notified by the Tax Commissioner of Gwinnett County that her job as motor vehicle tag supervisor, a position she had held for 19 years, was being abolished. The appellant's employment was thereafter terminated, effective September 16, 1985. She appealed her termination to the Gwinnett County Merit System Board, which ruled that the tax commissioner was not authorized to abolish the appellant's position. The commissioner nevertheless refused to reinstate the appellant, maintaining that the merit board had no authority to review her decision.

The appellant brought the present action against the merit board, the board's executive secretary, the county, and the tax commissioner, seeking to be restored to her job and to recover damages and attorney fees for intentional infliction of emotional distress and for violation of her federal constitutional rights. See 42 USC § 1983. The trial court subsequently entered an order reinstating the appellant to her prior position with back pay and employment benefits, and that order was affirmed by the Supreme Court without opinion in *Sherrington v. Henderson*, 256 Ga. at XXVIII (Case No. 43906, decided November 25, 1986). The case is now before us on appeal from an order granting summary judgment to the tax commissioner and the county with respect to the appellant's damage claims. *Held*:

1. The trial court did not err in concluding that no genuine issues of material fact remained with respect to the appellant's claim for damages based on intentional infliction of emotional distress. It is apparent without dispute from the record in this case that in abolishing the appellant's job, the tax commissioner was attempting to implement a general reorganization plan and that in refusing to recognize the merit board's authority she was relying on the advice from the county personnel director and from a county staff attorney that the office of the tax commissioner was not subject to the board's jurisdiction.

"[W]here recovery has been authorized for intentional infliction of emotional distress, the defendant's actions were so terrifying or insulting as naturally to humiliate, embarrass or frighten the plaintiff." *Georgia Power Co. v. Johnson*, 155 Ga. App. 862, 863 (274 SE2d 17) (1980). We hold that the commissioner's attempt to implement her reorganization plan to the resulting detriment of the appellant did not constitute " 'the kind of egregious conduct necessary to state a claim for intentional infliction of emotional distress.' [Cit.]" *Sossenko v. Michelin Tire Corp.*, 172 Ga. App. 771 (324 SE2d 593) (1984). See also *Miles v. Bibb Co.*, 177 Ga. App. 364 (3) (339 SE2d 316) (1985); *Anderberg v. Ga. Elec. Membership Corp.*, 175 Ga. App. 14 (3) (332 SE2d 326) (1985).

2. The trial court determined that any damage claim the appellant might otherwise have had under 42 USC § 1983 based on the violation of her procedural due process rights was moot, since she had chosen to pursue an available state remedy which had ultimately resulted in her reinstatement with back pay. We agree. In *Parratt v. Taylor*, 451 U. S. 527 (101 SC 1908, 68 LE2d 420) (1981), the Supreme Court held that in order for the conduct of a state official to give rise to a constitutional due process violation, the official must have acted in accordance with established policy rather than in defiance of it, with the result that available state remedies are not themselves adequate to provide the claimant with redress for the alleged injury. Otherwise, the Court ruled, the requirements of due process will be deemed satisfied "[a]lthough the state remedies may not provide the respondent with all the relief which may have been available if he could have proceeded under § 1983. . . ." Id. at 543-544. See also *Lee v. Hutson*, 810 F2d 1030 (11th Cir. 1987).

The adequacy of the state remedy in this case has been conclusively established by the fact that it resulted in the appellant's reinstatement with back pay and benefits. It follows that the appellant has no remaining cause of action for damages for violation of her procedural due process rights under 42 USC § 1983. See also *City of Cave Spring v. Mason*, 252 Ga. 3, 5 (310 SE2d 892) (1984).

3. The appellant contends that even if she has no cause of action under 42 USC § 1983 based on violation of her procedural rights, she may nevertheless seek damages for violation of her substantive due process rights. We disagree.

"[N]ot every wrong committed by a state actor rises to the level of a 'constitutional tort' sufficient to trigger a substantive due process violation. In *Gilmere* [*v. City of Atlanta*, 774 F2d 1495 (11th Cir. 1985), the court] stated, "(S)ubstantive due process is violated by state conduct that "shocks the conscience" or constitutes force that is "brutal" and as such "offend[s]" even hardened sensibilities.' Id. at 1500, quoting *Rochin v. California*, 342 U. S. 165, 172-73, 72 S. Ct.

205, 209-10, 96 L.Ed. 183 (1952)." *Lee v. Hutson*, supra, 810 F2d at 1032. Having previously held, in Division 1 of this opinion, that an administrative or personnel action of the type under consideration here cannot, in and of itself, be considered so terrifying or humiliating as to give rise to a cause of action for intentional infliction of emotional distress, we similarly hold that it cannot be considered so brutal or shocking as to constitute a substantive due process violation. It follows that the appellees were properly granted summary judgment with respect to the appellant's claim for damages based on 42 USC § 1983.

4. It necessarily follows from the foregoing that the appellant was not entitled to recover attorney fees pursuant to 42 USC § 1988.

5. Pretermitting whether the appellant ever asserted a claim for tortious interference with contractual relations in the trial court, we conclude that the uncontroverted evidence of record negates the existence of any such cause of action by demonstrating a want of malice on the part of the appellees. Therefore, summary judgment would also have been proper with respect to this cause of action. Accord *Johnson v. Auto/Mend*, 183 Ga. App. 311, 312 (359 SE2d 10) (1987).

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED NOVEMBER 15, 1988 —
REHEARING DENIED DECEMBER 5, 1988 —

*Harrison & Harrison, Samuel Harrison, G. Hughel Harrison*, for appellant.

*Richard A. Carothers, Michael A. O'Quinn*, for appellees.