S94A1614, S94A1615. TURNER et al. v. GILES (two cases).

(450 SE2d 421)

Carley, Justice.

Appellee-plaintiff is a blind vendor who holds a license from the state pursuant to 20 USC § 107 et seq., the Randolph-Sheppard Act. Although appellant-defendant state employees originally terminated appellee's license without affording him an evidentiary hearing, a post-termination evidentiary hearing did result in the reinstatement of appellee's license and the award to him of back pay. After reinstatement of his license, appellee filed this action, alleging that appellants had denied him due process of law and were liable for damages under 42 USC § 1983. Appellants moved to dismiss on various grounds, but the trial court denied their motion. In Case No. S94A1614, appellants appeal directly from the trial court's order denying their motion to dismiss and, in Case No. S94A1615, they appeal from that order pursuant to this court's grant of their application for interlocutory appeal.

*Case No. S94A1614*

1. One of the grounds of appellants' unsuccessful motion to dismiss was their claim of qualified immunity to appellee's § 1983 action. Under federal law, appellants would be entitled to a direct appeal from an adverse pretrial determination as to that issue. *Mitchell v. Forsyth,* 472 U. S. 511 (105 SC 2806, 86 LE2d 411) (1985). However, the jurisdiction of the courts of Georgia is not a federal issue upon which the decision of the Supreme Court of the United States in *Mitchell* would be controlling, but derives from the constitutional and statutory law of this state.

It is a legislative function to establish the jurisdictional requirements for the appealability of cases. The appellate courts have heretofore given due consideration to the finality requirement which otherwise serves as a statutory limitation on direct appealability. Neither *Hubbard* [*v. State,* 254 Ga.

694 (333 SE2d 827) (1985)], nor *Smith* [*v. State*, 169 Ga. App. 251 (312 SE2d 375) (1983)], are authority for the proposition that the denial of any and all motions to dismiss would be directly appealable. The direct appealability of interlocutory orders remains the exception rather than the rule.

*In the Interest of M. O. B.*, 190 Ga. App. 474, 475-476 (378 SE2d 898) (1989).

In this state, it has been recognized

"that 'a broader construction' of direct appealability 'is appropriate where the order appealed from is one denying a plea of double jeopardy(,)' " and that the denial of an OCGA § 17-7-170 motion is such an order. [Cit.]

*In the Interest of M. O. B.*, supra at 476. It is clear, however, that appellants' claim of qualified immunity is not analogous

to a claim of double jeopardy so as to entitle [them] to a direct appeal under the authority of *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982), or *Smith v. State*, [supra]. Obviously, there has been no prior adjudication favorable to the appellant[s] in the present case, by operation of law or otherwise.

*Austin v. State*, 179 Ga. App. 235 (345 SE2d 688) (1986). See also *In the Interest of M. O. B.*, supra at 475.

Moreover, an order denying a claim of qualified immunity in a § 1983 action is not substantially separate from the issues raised by the complaint. Compare *Scroggins v. Edmondson*, 250 Ga. 430, 432 (1) (c) (297 SE2d 469) (1982). Indeed, the basic issue is substantially identical: A § 1983 complaint alleges that the defendant violated federal law, whereas the defendant's claim of qualified immunity asserts that clearly established federal law was not violated. See *Harlow v. Fitzgerald*, 457 U. S. 800 (102 SC 2727, 73 LE2d 396) (1982). Likewise, a pretrial denial of a claim of qualified immunity is not effectively unreviewable on appeal. Compare *Scroggins v. Edmondson*, supra at 432 (1) (c). If a claim of qualified immunity is unsuccessful, appellate review is merely delayed until final judgment, as is true with regard to other interlocutory orders which are not directly appealable under OCGA § 5-6-34 (a).

Accordingly, we decline to adopt the federal rule permitting a direct appeal from an adverse pretrial determination of the issue of qualified immunity in a § 1983 action. Nevertheless, we recommend that, except in clear cases, the trial courts issue a certificate of imme-

diate review under OCGA § 5-6-34 (b) for interlocutory orders denying dismissal or judgment on the basis of qualified immunity. See *Phillips Constr. Co. v. Cowart Iron Works*, 250 Ga. 488, 490 (299 SE2d 538) (1983). The trial court did certify its order in the instant case, and we granted appellants' application for interlocutory appeal in Case No. S94A1615. We have jurisdiction over that interlocutory appeal, but appellants' direct appeal is dismissed.

*Case No. S94A1615*

2. One ground of appellants' unsuccessful motion to dismiss is the trial court's asserted lack of subject-matter jurisdiction over appellee's § 1983 action. In urging that this ground is meritorious, appellants rely upon the 1990 amendment to Art. I, Sec. II, Par. IX (d) of our state constitution, which provides, in relevant part, that state officers and employees "shall not be subject to suit or liability, and no judgment shall be entered against them, for the performance or non-performance of their official functions."

It is clear that, prior to the 1990 constitutional amendment, the courts of this state did have subject-matter jurisdiction over § 1983 claims. *Wyman v. Popham*, 252 Ga. 247, 249 (3) (312 SE2d 795) (1984). The availability of an immunity defense for a specific class of defendants is obviously an entirely separate and distinct topic from the general subject-matter jurisdiction of this state's courts. By its terms, the 1990 constitutional amendment addresses only the immunity defense of state officers and employees to state-based claims, not the authority of this state's courts to hear federally-based claims against state officers and employees. Thus, that amendment cannot be construed as removing subject-matter jurisdiction over § 1983 claims from the courts of Georgia. The courts of this state continue to have subject-matter jurisdiction over § 1983 claims against state officers and employees and the consequent authority to rule on the merits of any defense that might be raised by the state officers and employees to those federally-based claims.

3. Appellants urge that appellee has no property interest in his license which would be subject to constitutional protection under the Fourteenth Amendment.

Applicable federal law requires a state to issue a license for an indefinite period and permits termination only if the vending facility is not being operated in accordance with prescribed rules and regulations. 20 USC § 107a (b); 34 CFR § 395.7 (b). Thus, appellee's license is a property right. See *State Bd. of Ed. v. Drury*, 263 Ga. 429, 431 (1) (437 SE2d 290) (1993); *Wills v. Composite State Bd. of Med. Examiners*, 259 Ga. 549, 551 (3) (384 SE2d 636) (1989); *Copsey v. Swearingen*, 762 FSupp. 1250, 1260 (10) (M.D. La. 1991) (assuming that a

blind vendor's state-issued license is a property right).

4. After an evidentiary hearing which comported with procedural due process, appellee's license was reinstated and he was awarded back pay. Appellants urge that, under these circumstances, appellee has no viable § 1983 claim.

> In *Parratt v. Taylor*, 451 U. S. 527 (101 SC 1908, 68 LE2d 420) (1981), the Supreme Court held that in order for the conduct of a state official to give rise to a constitutional due process violation, the official must have acted in accordance with established policy rather than in defiance of it, with the result that available state remedies are not themselves adequate to provide the claimant with redress for the alleged injury. Otherwise, the Court ruled, the requirements of due process will be deemed satisfied "[a]lthough the state remedies may not provide the respondent with all the relief which may have been available if he could have proceeded under § 1983 . . . ." [Cits.] The adequacy of the state remedy in this case has been conclusively established by the fact that it resulted in [appellee's] reinstatement with back pay . . . . It follows that [appellee] has no remaining cause of action for damages for violation of [his] procedural due process rights under 42 USC § 1983. [Cit.]

*Henderson v. Sherrington*, 189 Ga. App. 498, 499 (2) (376 SE2d 397) (1988). See also *Hudson v. Palmer*, 468 U. S. 517, 533-534 (104 SC 3194, 82 LE2d 393) (1984); *City of Cave Spring v. Mason*, 252 Ga. 3 (310 SE2d 892) (1984); *Copsey v. Swearingen*, supra at 1260-1261 (10). Therefore, the order of the trial court denying appellants' motion to dismiss is reversed.

5. Appellants' remaining contentions are moot and need not be addressed.

*Appeal dismissed in Case No. S94A1614. Judgment reversed in Case No. S94A1615. All the Justices concur, except Hunt, C. J., who concurs in the judgments only.*

DECIDED DECEMBER 5, 1994 —
RECONSIDERATION DENIED DECEMBER 20, 1994.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General,* for appellants.

*Fredrick J. Kraus, G. Brian Spears,* for appellee.