A94A2185. DOWLING v. ATLANTA CITY SCHOOL DISTRICT et al.
(455 SE2d 399)

POPE, Presiding Judge.

Plaintiff Dowling, an employee fired by defendants (collectively referred to herein as "the Board") without a pretermination hearing, brought this action pursuant to the Fair Dismissal Act of Georgia (OCGA § 20-2-940 et seq.) as well as the Fourteenth Amendment to the United States Constitution and 42 USCA §§ 1983 and 1988. Although the trial court ruled that plaintiff was not covered by the Fair Dismissal Act, it eventually found that the Board had improperly fired plaintiff without good cause and ordered the Board to reinstate plaintiff with full back pay. Citing *Henderson v. Sherrington*, 189 Ga. App. 498 (2) (376 SE2d 397) (1988), the trial court then dismissed plaintiff's claims for further damages and attorney fees under 42 USCA §§ 1983 and 1988 because reinstatement with back pay was an "adequate remedy." We conclude that *Henderson* was erroneously decided and should be overruled, and therefore reverse.

In April 1992, the Superintendent of the Atlanta Public Schools informed plaintiff, the manager of the school system's public radio

and television stations, that he would recommend that the Board not renew her contract. Although plaintiff was notified of her right to a pretermination hearing and she made a timely request for such a hearing, no pretermination hearing was held and plaintiff was fired on June 30, 1992. The Board initially agreed to give plaintiff a post-termination hearing, but it subsequently informed her that she was not entitled to any hearing at all.

Plaintiff then filed this § 1983 action, seeking and receiving immediate injunctive relief. The trial court ruled that plaintiff had a right to a pretermination hearing on whether the Board had good cause to terminate her employment, and ordered the Board to continue paying plaintiff her salary pending the outcome of the hearing. A hearing was finally held in October 1992, before a panel of the Professional Practices Commission ("PPC"). The panel members unanimously concluded that the Board did *not* have good cause to terminate plaintiff's employment and that plaintiff should be reinstated. Nevertheless, the Board chose to ignore the conclusions of the PPC panel and again voted to fire plaintiff. And, apparently believing it had satisfied the trial court's order by paying plaintiff through the hearing, it again stopped paying her salary.

Plaintiff appealed the local Board's decision to the State Board of Education pursuant to OCGA § 20-2-1160 (b). The State Board ruled in favor of plaintiff in July 1993, finding her termination to be "arbitrary and capricious." Yet the Board *still* refused to reinstate plaintiff, forcing her to bring further motions in the trial court in this case. Indeed, the Board did not reinstate plaintiff until explicitly ordered to do so by the trial court. Because plaintiff was eventually reinstated, however, the trial court was bound by *Henderson* to hold that plaintiff had been provided an "adequate remedy" and to dismiss her claims for damages and attorney fees.

In *Henderson*, an employee was fired by a county tax commissioner. The employee appealed her termination to the county merit system board, which ruled that she should not have been fired; but the tax commissioner still refused to reinstate the employee. Only when the employee brought a § 1983 action and obtained an order from the trial court was she reinstated with full pay. Yet the trial court then dismissed the plaintiff's claims for damages and attorney fees. We affirmed, relying on *Parratt v. Taylor*, 451 U. S. 527 (101 SC 1908, 68 LE2d 420) (1981)[1] for the proposition that a governmental actor's conduct which deprives a plaintiff of liberty or property can give rise to a procedural due process violation only if "available state

---

[1] *Parratt* was overruled in part by *Daniels v. Williams*, 474 U. S. 327, 330-331 (106 SC 662, 88 LE2d 662) (1986), but the overruled portion of the decision is not relevant here.

remedies are not themselves adequate to provide the claimant with redress for the alleged injury." *Henderson,* 189 Ga. App. at 499. We stated that the plaintiff in *Henderson* clearly had an adequate state remedy since she had been reinstated with full pay — despite the fact that the State administrative remedy had proved ineffective and she was not reinstated until she filed a § 1983 action and obtained a court order. Because the plaintiff's reinstatement with back pay resulted from the § 1983 action itself, rather than from a state remedy, we now conclude that *Henderson* was wrongly decided and must be overruled.

The Board also calls our attention to *Turner v. Giles,* 264 Ga. 812 (4) (450 SE2d 421) (1994), a recent Georgia Supreme Court case in which that Court held that a licensee denied a predeprivation hearing could not state a procedural due process claim as long as the state provided a postdeprivation hearing which resulted in the licensee's reinstatement with back pay. We are not bound by *Turner* because unlike the plaintiffs in *Henderson* and this case, the plaintiff in *Turner* really was reinstated as the result of the postdeprivation hearing provided by the state, rather than as the result of an order of the trial court in the § 1983 action. Moreover, to the extent *Turner* relies on *Parratt* to hold that a postdeprivation remedy may be adequate even if the plaintiff had a right to a predeprivation hearing, it may need to be reconsidered.

In *Parratt,* a prisoner's hobby materials were lost as a result of prison officials' negligence, and the United States Supreme Court held that this deprivation of property could not be the basis for a procedural due process claim because the state provided an adequate remedy for the loss through its state tort claims procedure. 451 U. S. at 544. The *Parratt* rule was extended to intentional but unauthorized acts in *Hudson v. Palmer,* 468 U. S. 517 (104 SC 3194, 82 LE2d 393) (1984), in which a prisoner alleged that a guard who did not like him intentionally destroyed property in his cell. In *Zinermon v. Burch,* 494 U. S. 113 (110 SC 975, 108 LE2d 100) (1990), however, the Supreme Court made it clear that the scope of the *Parratt* rule is limited to its underlying rationale. The actions causing the deprivations in *Parratt* and *Hudson* were either random or unauthorized, and thus unpredictable from the perspective of the governmental entity. As a result, a predeprivation hearing was simply unfeasible and a postdeprivation hearing was all that could be expected or required. In this type of situation, the governmental entity meets the requirements of procedural due process if it provides for a postdeprivation hearing and remedy. But if the action causing the deprivation is planned and authorized, so that a predeprivation hearing is in fact feasible, a postdeprivation state remedy is *not* constitutionally sufficient.

*Zinermon*, 494 U. S. at 115, 132, 136-138.[2] Based on *Zinermon*, therefore, it would appear that if a § 1983 plaintiff has a right to a predeprivation hearing and does not receive one, she states a valid procedural due process claim regardless of the postdeprivation remedies the state provides. See also *Fetner v. City of Roanoke*, 813 F2d 1183 (11th Cir. 1987) (postdeprivation remedies do not provide due process if predeprivation hearing is practicable).

For these reasons, we conclude that *at least* where it takes a § 1983 action to effect a postdeprivation remedy, a plaintiff with the right to a predeprivation hearing does not lose her § 1983 and § 1988 claims for damages and attorney fees once a postdeprivation remedy is effectuated. It follows that plaintiff may pursue her claims for damages and attorney fees. Indeed, the Board's behavior in this case appears to be exactly the type of abuse of power the due process clause and 42 USCA § 1983 were meant to address.

As the record clearly shows a procedural due process violation in this case, summary judgment should be granted for plaintiff with respect to the Board's liability, and plaintiff is entitled to at least nominal damages and attorney fees. See *Carey v. Piphus*, 435 U. S. 247 (98 SC 1042, 55 LE2d 252) (1978); *Farrar v. Hobby*, 506 U. S. ___ (113 SC 566, 121 LE2d 494) (1992). If plaintiff can prove other actual damages, she will be entitled to those;[3] and the jury may also award punitive damages if it finds either that the Board's conduct involved reckless or callous indifference to plaintiff's rights, or that it was motivated by evil motive or intent. See *Smith v. Wade*, 461 U. S. 30 (103 SC 1625, 75 LE2d 632) (1983).

*Judgment reversed. McMurray, P. J., Birdsong, P. J., Blackburn and Smith, JJ., concur. Beasley, C. J., Andrews, Johnson and Ruffin, JJ., concur in judgment only.*

DECIDED MARCH 16, 1995 — 

*McKee & Barge, R. Mason Barge,* for appellant.
*Smith, Howard & Ajax, Bruce H. Beerman,* for appellees.

---

[2] Notably, although *Zinermon* was a five-to-four decision, the dissenters agreed with the majority that the scope of *Parratt* was limited in this manner; they simply disagreed on whether a predeprivation hearing was feasible under the facts presented.

[3] Plaintiff's compensatory damages may include damages for emotional or mental distress if proven. See *Carey*, 435 U. S. at 264.