S95G1083. ATLANTA CITY SCHOOL DISTRICT et al.
v. DOWLING.
(466 SE2d 588)

FLETCHER, Presiding Justice.

The Atlanta Board of Education terminated Adrienne Dowling's contract as general manager of the school board's public television and radio stations. She sued and the trial court ordered the school board to reinstate her and awarded her full back pay and benefits. The trial court then granted the school board's motion to dismiss Dowling's claim for compensatory and punitive damages under 42 USC § 1983. The question on appeal is whether Dowling has a claim for damages for a procedural due process violation when she was reinstated in her job with back pay as a result of state remedies. We hold that the state provided a constitutionally adequate remedy that bars Dowling from maintaining her damages action under section 1983.

The Atlanta school superintendent notified Dowling in April 1992 that he would not recommend the renewal of her contract for the 1992-93 school year. In response to Dowling's request for a hearing prior to June 30 when her contract expired, the Atlanta board referred the matter to the Professional Practices Commission of Georgia. On June 30, 1992, Dowling's immediate supervisor instructed Dowling to vacate her office. In August, Dowling filed a lawsuit in state court alleging that the school board had terminated her without due process as provided under the Georgia Fair Dismissal Act, school board policies, and Georgia and United States Constitutions. In October 1992, the Professional Practices Commission held a three-day hearing and found that the school superintendent did not meet his burden of proof in establishing the charges against Dowling. The Atlanta school board rejected the commission's recommendation and voted not to renew Dowling's contract. Dowling appealed to the State Board of Education, which reversed the Atlanta board's decision to terminate.

Having succeeded in the administrative process, Dowling moved for summary judgment on her due process claims in superior court. The trial court found that the Atlanta board had given Dowling a right to protection under the Fair Dismissal Act, granted Dowling summary judgment on the issue of liability under that act, ordered the Atlanta board to reinstate her as general manager, and awarded her back pay and benefits. Based on these orders, the trial court dismissed Dowling's claim for damages under 42 USC § 1983 for failure

to state a claim. The Court of Appeals reversed,[1] and we granted certiorari.

Both the Georgia and Federal Constitutions prohibit the state from depriving "any person of life, liberty, or property, without due process of law."[2] A person may bring suit under 42 USC § 1983 for state officials' violation of procedural due process. Unlike a substantive due process claim, a constitutional violation of procedural due process is not complete "unless and until the State fails to provide due process."[3] As the Eleventh Circuit Court of Appeals explained: "In other words, the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise."[4]

We conclude that the Eleventh Circuit's decision in *McKinney v. Pate* is persuasive authority that Dowling is not entitled to maintain a damages claim under section 1983 for a procedural due process violation. In *McKinney*, the court held that there was no due process violation and, therefore, no section 1983 claim when a public employee alleged that he was deprived of his property interest in employment by a biased decision-maker at his pre-termination hearing.

> [E]ven if McKinney suffered a procedural *deprivation* at the hands of a biased Board at his termination hearing, he has not suffered a *violation* of his procedural due process rights unless and until the State of Florida refuses to make available a means to remedy the deprivation.[5]

The court concluded that the state provided an available, adequate remedy to address the due process violation through state court review of employment termination cases, including the power to order the relief that McKinney sought. In a later case involving a state employee in this state, the federal appeals court found that the Georgia Code provides Georgia courts with the similar power to review employment termination cases for due process violations.[6]

Applying these cases, we hold that Dowling may not maintain a claim for damages for a procedural due process deprivation under section 1983 when the state court review of her termination provided an adequate remedy under state law. Before Dowling was terminated,

---

[1] *Dowling v. Atlanta City School District*, 216 Ga. App. 688 (455 SE2d 399) (1995).

[2] U. S. Const., amend. 14; Ga. Const., Art. I, Sec. I, Par. I.

[3] *Zinermon v. Burch*, 494 U. S. 113 (110 SC 975, 983, 108 LE2d 100) (1990).

[4] *McKinney v. Pate*, 20 F3d 1550, 1557 (11th Cir.), cert. denied, ____ U. S. ____ (115 SC 898, 130 LE2d 783) (1994).

[5] Id. at 1563.

[6] See *Narey v. Dean*, 32 F3d 1521 (11th Cir. 1994).

the Atlanta school board notified her of the charges against her and referred her proposed dismissal to an impartial decision-maker for a hearing. When the Atlanta board stopped paying her salary, the trial court issued a temporary restraining order requiring the school board to continue to pay her salary until it held a pre-termination hearing and rendered a final decision. Dowling received a full evidentiary hearing before the Professional Practices Commission, which recommended that the school board vacate the superintendent's decision not to renew Dowling's contract. When the Atlanta board rejected that recommendation and voted to uphold Dowling's dismissal, the trial court again ordered the board to continue to pay Dowling's salary pending her administrative appeal and this Court affirmed that order on appeal.[7] On administrative review, the State Board of Education reversed the Atlanta board's decision to dismiss Dowling. Finally, the trial court granted the equitable relief that Dowling sought; it ordered the Atlanta school board to reinstate Dowling as general manager and awarded her full back pay and benefits.

All these actions were taken as a result of rights granted under either state statutes or local board policies. Because judicial review redressed any procedural due process deprivation that Dowling suffered, the trial court properly dismissed her section 1983 claim for damages for failure to state a claim.[8]

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 12, 1996.

*Smith, Howard & Ajax, Bruce H. Beerman, Amy M. Totenberg,* for appellants.

*McKee & Barge, R. Mason Barge,* for appellee.

---

[7] *Atlanta City School District v. Dowling,* 263 Ga. XXVI (1993) (judgment affirmed without opinion).

[8] See *Turner v. Giles,* 264 Ga. 812 (450 SE2d 421) (1994) (holding that blind vendor whose state license was terminated without a hearing had no viable section 1983 claim for damages for a procedural due process violation when he was reinstated and awarded back pay following a post-termination evidentiary hearing), cert. denied, ___ U. S. ___ (115 SC 1959, 131 LE2d 851) (1995); see also *Henderson v. Sherrington,* 189 Ga. App. 498 (376 SE2d 397) (1988) (holding that county employee had no section 1983 cause of action for damages for violation of her procedural due process rights when the available state remedy was adequate, resulting in reinstatement and back pay).