## A02A1708. MOON v. TERRELL COUNTY.
### (579 SE2d 845)

SMITH, Chief Judge.

This is the second appearance of this case before this court. The underlying facts surrounding Terence Moon's dispute with his former employer, Terrell County, are fully set forth in *Moon v. Terrell County,* 249 Ga. App. 567 (548 SE2d 680) (2001). In that earlier decision, we reversed the trial court's judgment in favor of the county and four of its commissioners, finding that the trial court erred in holding that the defendants did not violate the Open Meetings Act, OCGA § 50-14-1 et seq., in conducting a closed session of the county board of commissioners to consider Moon's continuing employment with the county. The case now returns after a second bench trial, in which the trial court determined that Moon could not. assert a claim for back pay and that attorney fees were not appropriate under OCGA § 50-14-5 (b). Finding no error, we affirm.

Moon brought two suits against the Terrell County Board of Commissioners. The state action, filed January 9, 1998, alleged violation of the Georgia Open Meetings Act and sought declaratory relief, an injunction, and attorney fees and litigation expenses. The federal action, filed November 23, 1998, alleged racial discrimination under various civil rights statutes and sought back pay, compensatory damages, and attorney fees.

On January 28, 2000, after a bench trial, the state trial court found no violation of the Georgia Open Meetings Act. This judgment was appealed, and on May 9, 2001, this court reversed, finding that the Open Meetings Act was violated and that the actions taken during that meeting therefore were void. *Moon,* supra.

On October 22, 2001, Moon and the county entered into a settlement agreement in the federal action. In exchange for $37,500, Moon agreed to "fully release and discharge all claims set forth in the Complaint filed by TERENCE B. MOON in the United States District Court for the Middle District of Georgia, Civil Action File No. 1:98-CV-263-2, together with any claims that could have been asserted in said civil action." The release also provided that it "includes settlement and satisfaction of all claims of every nature, direct or indirect," including but not limited to

all claims arising under Title VII, 42 USC § 1983, 42 USC § 1981, and state tort claims of intentional infliction of emo-

tional distress, negligent infliction of emotional distress, wrongful termination together with all claims for costs and expenses of litigation (including attorney's fees), damages (including punitive damages) and back or front pay awards whether recoverable under state or federal law.

It also provided: "This release has no effect whatsoever on the case of Terrence [sic] Moon v. Terrell Co., et al., Civil Action File No. 98-CV-7 pending in Terrell County Superior Court."

On November 5, 2001, the parties tried the case again before the trial court, and another order was entered on February 2, 2002. Once more the trial court found against Moon, concluding that Moon's claim for back pay was barred for three alternative reasons and that the award of attorney fees was not justified because the conduct of the county commission was "substantially justified" under OCGA § 50-14-5 (b) and that "special circumstances" also existed under that statute. From this decision, Moon appeals.

1. The trial court did not err in rejecting Moon's claim for back pay, for at least two reasons.

First, the terms of the settlement agreement in the federal action foreclose any claim for back pay in the state action. In construing a contract such as a settlement agreement, we must seek to uphold the contract as a whole, and we must read the entire contract to arrive at the construction of any part. *Thornton v. Kumar*, 240 Ga. App. 897, 898-899 (525 SE2d 735) (1999). Any construction that renders portions of the contract language meaningless should be avoided. *Deep Six v. Abernathy*, 246 Ga. App. 71, 74 (2) (538 SE2d 886) (2000).

Here, the general release language explicitly releases all claims for back pay whether state or federal. While the release also states that it "has no effect whatsoever" on the state court case, the original state court complaint contained no claim for back pay. A "proposed pre-trial order" filed in 1999 did contain the mention of back pay in a list of "types of damages," but the proposed pre-trial order was never signed by or made the order of the trial court. "[A]lthough a proposed pretrial order is in the record, there is no pretrial order signed by the trial court and entered of record. Thus, there was no pretrial order controlling the issues to be litigated. [Cit.]" *Barnes v. Williams*, 265 Ga. 834, 836 (3) (462 SE2d 612) (1995). Moon never amended his complaint in the state court action to add a claim for back pay. In contrast, the federal action explicitly states a claim for "all income and benefits which he has lost." Moon therefore released any claim for back pay in the settlement of his federal lawsuit.

Second, as an at-will employee, Moon could not assert a claim for back pay under Georgia law in any event. In *Waters v. Glynn County*,

237 Ga. App. 438, 439 (1) (514 SE2d 680) (1999), we noted Ga. Const. of 1983, Art. I, Sec. II, Par. IX (c), waiving sovereign immunity with respect to "any action ex contractu for the breach of any *written* contract." (Emphasis supplied.) We held that this provision does not include employees at will without a written contract, *Waters*, supra at 439 (1), and that "no waiver of sovereign immunity exist[ed] for Waters' claim of back pay. [Cits.]" Id. at 440 (2).

Here, the record contains no written contract of employment between Moon and the county. While Moon cites a number of Georgia cases allowing the assertion of claims for back pay against various governmental entities, none of these decisions involves the assertion of a claim by an at-will employee. *Atlanta City School Dist. v. Dowling*, 266 Ga. 217 (466 SE2d 588) (1996) (administrative appeal of nonrenewal of annual contract with school board); *Turner v. Giles*, 264 Ga. 812 (450 SE2d 421) (1994) (vendor licensee under Randolph-Sheppard Act, 20 USC § 107 et seq.); *Deason v. DeKalb County*, 222 Ga. 63 (148 SE2d 414) (1966) (county merit system employee); *Henderson v. Sherrington*, 189 Ga. App. 498 (376 SE2d 397) (1988) (same), overruled on other grounds.[1] The Texas, Alaska, and Massachusetts decisions cited by Moon are irrelevant to the construction of a provision of the Georgia Constitution as applied to a Georgia statute.

2. OCGA § 50-14-5 (b) provides for the assessment of attorney fees against a government entity for violation of the Georgia Open Meetings Act if the entity "acted without substantial justification" based on the record as a whole. Even if the entity acted without substantial justification, the trial court may "reduce or eliminate the award completely, however, upon a finding of special circumstances that would, in the exercise of the court's discretion, justify such a decision." *Claxton Enterprise v. Evans County Bd. of Commrs.*, 249 Ga. App. 870, 878 (5) (549 SE2d 830) (2001).

In reviewing such an award, we apply a "clearly erroneous" standard to the determination of substantial justification on the part of the commission. See *Evans County Bd. of Commrs. v. Claxton Enterprise*, 255 Ga. App. 656, 658 (1) (566 SE2d 399) (2002). As we recognized in the first appearance of this case on appeal, Moon himself requested that the meeting to discuss his employment with the county be closed. *Moon*, supra at 569. While we found that Moon could not waive the provisions of the Open Meetings Act because a single individual cannot close a meeting held for the benefit of the general public, id., his conduct does speak to the commissioners' rea-

---

[1] *Henderson* was overruled on other grounds by *Dowling v. Atlanta City School Dist.*, 216 Ga. App. 688, 690 (455 SE2d 399) (1995), but *Dowling* in its turn was reversed by the Supreme Court of Georgia in *Atlanta City School Dist. v. Dowling*, supra.

sonable justification for closing the meeting. The trial court found the commissioners' motive in closing the meeting was to protect Moon's privacy rights. This determination was supported by the testimony of the county commission chairman. Since some evidence was presented that Moon himself requested that the meeting be closed and that the commissioners acted out of concern for his privacy, the trial court's determination that the commission acted with substantial justification was not clearly erroneous.

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED MARCH 20, 2003.

*Brimberry, Kaplan & Brimberry, Jerry W. Brimberry*, for appellant.

*Collier & Gamble, Edward R. Collier*, for appellee.