In the Supreme Court of Georgia

Decided:   April 26, 2016

S15G1206.  KLIESRATH et al. v. ESTATE OF AUDRECAS D. DAVIS et al.

THOMPSON, Chief Justice.

In May 2010, Audrecas Davis died after being tased multiple times by DeKalb County police officers.  Davis's estate sued the officers, alleging state law claims and a claim under 42 USC § 1983.  Appellants are four police officers who moved for summary judgment on the basis of official and qualified immunity.  The trial court denied the motion, and the Court of Appeals affirmed without opinion pursuant to its Rule 36.  See Kliesrath v. Estate of Davis, 331 Ga. App. XXIV (Case No. A14A1934) (decided Mar. 30, 2015).  We granted certiorari to consider the merits of appellants' immunity claims.  However, because we now determine that the Court of Appeals did not have jurisdiction of the appeal, we vacate the judgment of the Court of Appeals and remand for proceedings consistent with this opinion.

After the trial court denied appellants' motion for summary judgment

based on their claims of qualified and official immunity, appellants filed a direct appeal to the Court of Appeals. This Court, however, recently reiterated the rule that we established in Turner v. Giles, 264 Ga. 812, 813 (450 SE2d 421) (1994), that an order denying a motion based on an immunity defense is interlocutory, that it is not directly appealable under the collateral order doctrine, and that an appeal of such an order must proceed through the interlocutory appeal procedures of OCGA § 5-6-34 (b). See Rivera v. Washington, __ Ga. __ (__ SE2d __) (2016) (Case No. S15G0887, decided Mar. 25, 2016) (2016 Ga. Lexis 248, *11-17). In so ruling, we overruled numerous Court of Appeals cases that had applied "the collateral order doctrine in cases claiming sovereign, official, qualified, or other immunity." See id. *17, n.7.

Thus, here, the trial court's order denying appellants' motion for summary judgment was not directly appealable. Accordingly, instead of affirming the judgment of the trial court, the Court of Appeals should have dismissed the direct appeal. See Outen v. State, 289 Ga. 579, 582-583 (714 SE2d 581) (2011) (holding that the Court of Appeals erred in affirming instead of dismissing a direct appeal by the State, when the Court of Appeals did not have appellate jurisdiction of the direct appeal).

2

For this reason, we vacate the judgment of the Court of Appeals and remand for proceedings consistent with this opinion.  See id.

_Judgment vacated and case remanded with direction.  All the Justices concur._