# Court of Appeals
# of the State of Georgia

ATLANTA,____May 09, 2016_____

*The Court of Appeals hereby passes the following order:*

**A16A0407. THE GEORGIA DEPARTMENT OF TRANSPORTATION v.
    BALAMO.**

The Georgia Department of Transportation directly appealed a trial court order denying its motion to dismiss based on sovereign immunity. The Department now moves to dismiss its appeal for lack of appellate jurisdiction. The Department notes that it filed this appeal pursuant to *Board of Regents v. Canas*, 295 Ga. App. 505 (672 SE2d 471) (2009), which authorized such direct appeals of certain interlocutory rulings under the collateral order doctrine. However, as the Department further notes, the Georgia Supreme Court recently overruled *Canas*, holding that the denial of a motion to dismiss based on sovereign immunity is not subject to a direct appeal under the collateral order doctrine. *Rivera v. Washington*, ___ Ga. ___ (Case No. S15G0887, decided March, 25, 2016). "Such a judicial determination presumptively applies retroactively to all cases in the 'pipeline,' unlike a change in the law resulting from constitutional or statutory amendment. [Cits.]" *Murphy v. Murphy*, 295 Ga. 376, 379 (761 SE2d 53) (2014). Accordingly, the Department was required to follow the interlocutory appeal procedures of OCGA § 5-6-34 (b) to obtain appellate review of the trial court's order. Because the Department failed to follow the required appellate procedure, its motion to dismiss is granted and the appeal is hereby dismissed for lack of jurisdiction. See *Kliesrath v. Estate of Davis*, ___ Ga. ___ (Case No. S15G1206, decided April 26, 2016).

On remand, we remind the trial court that "courts should address motions on immunity issues as early as practicable and, if there is any substantial question, permit an interlocutory appeal to proceed." *Rivera*, supra at ___. See also *Turner v. Giles*,

264 Ga. 812, 813-814 (1) (450 SE2d 421) (1994) (recommending that except in clear cases, trial courts should issue a certificate of immediate review under OCGA § 5-6-34 (b) for interlocutory orders denying dismissal on the basis of qualified immunity).



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,*_____05/09/2016_____
     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*