In the Supreme Court of Georgia

Decided: July 5, 2016

S15G1293; S15G1307.  STATE OF GEORGIA, EX REL., RALPH T. HUDGENS, COMMISSIONER OF INSURANCE FOR THE STATE OF GEORGIA et al. v. SUN STATES INSURANCE GROUP, INC.; and vice versa

HINES, Presiding Justice.

This Court granted a writ of certiorari to the Court of Appeals in

*State v. Sun States Ins. Grp.*, 332 Ga. App. 197 (770 SE2d 43) (2015), litigation involving the liquidation of an insurance company, International Indemnity Company ("IIC"), pursuant to the Insurers Rehabilitation and Liquidation Act (the "Act")[1] and attempts by IIC's sole shareholder, Sun States Insurance Group, Inc. ("Sun States"), to get monetary relief from the State of Georgia as liquidator ("State/liquidator") and its agents, including Regulatory Technologies, Inc. ("Reg Tech"), which assisted in the liquidation of IIC.  Sun States sought, inter alia, monies, it characterized as a "surcharge," which allegedly were wrongfully

[1]See OCGA § 33-37-1 et seq.

taken out of the IIC estate.  The State/liquidator unsuccessfully moved to dismiss Sun State's claims against it, asserting that they were claims for a money judgment against the State, and thus, barred by the doctrine of sovereign immunity. It then filed a direct appeal of the superior court's denial of its motion to dismiss on the basis of sovereign immunity[2], and Reg Tech joined in the appeal filed by the State/liquidator[3].

The Court of Appeals affirmed in part and reversed in part the judgment of the superior court, and remanded the case to it; however, the Court of Appeals was without jurisdiction to entertain the appeal.  In *Rivera v. Washington*, 298 Ga. 770 (784 SE2d 775)  (2016), this Court reaffirmed that the collateral order doctrine is extremely limited in its application and that it  does not permit a direct appeal from the denial of a motion to dismiss based upon governmental immunity.  Id. That was precisely the situation before the Court of Appeals. Consequently, the Court of Appeals should have dismissed the direct appeal before it for failure to follow the interlocutory appeal procedures.  Id.

Accordingly, the judgment of the Court of Appeals is a nullity, and we

[2]Case No. A14A2119.

[3]Case No. A14A2120.

2

vacate the judgment of the Court of Appeals and remand for proceedings consistent with this opinion.  See *Kliesrath v. Estate of Davis*, ____Ga. ____ (Case No. S15G1206, Decided April 26, 2016).

Judgment vacated and case remanded with direction.   All the Justices concur.