**FIRST DIVISION**
**ELLINGTON, P. J.,**
**PHIPPS, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 30, 2016**

# In the Court of Appeals of Georgia

A14A2119. STATE OF GEORGIA, EX REL., RALPH T. HUDGENS, COMMISSIONER OF INSURANCE FOR THE STATE OF GEORGIA v. SUN STATES INSURANCE GROUP, INC.

A14A2120. REGULATORY TECHNOLOGIES, INC. v. STATE OF GEORGIA, EX REL., RALPH T. HUDGENS, COMMISSIONER OF INSURANCE FOR THE STATE OF GEORGIA.

PHIPPS, Presiding Judge.

In these two direct appeals, the State of Georgia and its agent, Regulatory Technologies, Inc. ("Reg Tech"), challenged the denial of their motions to dismiss on sovereign immunity grounds. We affirmed in part and reversed in part, concluding that the trial court erred in finding that sovereign immunity was waived by the

Insurers Rehabilitation and Liquidation Act.[1] On further appeal, the Supreme Court of Georgia vacated our judgment. Noting that the collateral order doctrine does not permit a direct appeal from the denial of a motion to dismiss based upon governmental immunity, the Supreme Court found that we lack jurisdiction to consider these direct appeals.[2] Accordingly, because the State of Georgia and Reg Tech failed to follow the required appellate procedure, their appeals are hereby dismissed for lack of jurisdiction.

*Appeals dismissed. Ellington, P. J., and McMillian, J., concur*.

---

[1] OCGA § 33-37-1 et seq.; *State of Ga. v. Sun States Ins. Group*, 332 Ga. App. 197, 202 (1) (770 SE2d 43) (2015).

[2] *State of Ga., ex rel., Hudgens v. Sun States Ins. Group*, ___ Ga. ___ (___ SE2d ___) (decided July 5, 2016) (citing *Rivera v. Washington*, 298 Ga. 770 (784 SE2d 775) (2016)).